JENNIE CIANI, Infant, by MAMIE RUGGIERO, Guardian ad Litem, Plaintiff, *v.* OMEDO CIANI, Defendant.

Supreme Court, Albany County, May 11, 1926.

**Parent and child — liability of father for tort — action by unemancipated infant against father for injuries suffered by infant while passenger in father's automobile — complaint dismissed.**

An unemancipated infant who was injured when his father's automobile in which he was a passenger was so negligently operated by the father that it collided with a telegraph pole, has no cause of action against the father for negligence growing out of said accident and the complaint in such an action must be dismissed.

MOTION to dismiss complaint.

By stipulation of the attorneys for the parties the question submitted to the court is whether there is any liability on the part of the defendant for the cause of action claimed and alleged in the complaint.

*Woollard & Cogan*, for the plaintiff.

*Charles P. Jones* [*J. Stanley Carter* of counsel], for the defendant.

ROSCH, J. This question comes before the court by stipulation upon the pleadings, and by agreement there is submitted for consideration the petition, affidavit, consent and order appointing the guardian *ad litem*. It is also stipulated that the infant plaintiff is twelve years of age and resides with her father, the defendant, and with her mother, Jennie Ciani. The mother made the application for the appointment of a maternal aunt of the infant as its guardian *ad litem*. It is also stipulated that the infant plaintiff is unemancipated.

It appears from the complaint that on the 9th day of September, 1925, while the infant plaintiff was a passenger in the defendant's (her father's) automobile, it was so negligently operated by him that it collided with a telegraph pole, and the infant plaintiff was severely injured.

The question in this case can be stated simply. Is there a cause of action in behalf of an unemancipated infant against its father for negligence growing out of an automobile accident, where the father was driving an automobile in which the infant was a passenger?

No decision in this State has been called to the attention of the court wherein this question has been determined. Neither has the court's attention been called to any decision from any other jurisdiction holding that a cause of action for tort exists in behalf of an unemancipated infant against the parent. There are many authorities in other jurisdictions where the question has been passed upon which hold that a cause of action by a minor child cannot be maintained against the father to recover damages for tort. Such appears always to have been the law where the claimed tort resulted in personal injury and was brought about in the course of the family relation. Such was the common-law rule, and there is no modification of such rule by any legislative act in this State. In the family there exist certain mutual rights and obligations on the part of a father as well as the child. The purpose of the law is to preserve such relation and not to allow its destruction by a form of controversy in nature of litigation to be carried on in the courts growing out of personal wrong or injury charged.

The recent case of *Matarese* v. *Matarese* (—— R. I. —— ; 131 Atl. 198), decided by the Supreme Court of Rhode Island, holds that a minor child cannot maintain an action against the father to recover damages for torts of a father in the course of family relation resulting in personal injury to the child. In the opinion of that case we find the following language: " During the long and intimate family relation of a parent and his minor child, living in the household of the parent, it is extremely likely that circumstances may arise resulting in some injury to the child, which injury may be imputed to the negligence of the father because of the condition of the family dwelling, or the act of the parent himself or that of his servant or agent. To permit each of such acts of real or alleged negligence to be the basis of an action for damages against the father during the child's minority or upon his majority or against the father's estate upon the latter's death would destroy the harmony of the family and militate against the peace of society. That this principle has been recognized as expressing the common law is evidenced by the fact that no case of the action of a minor child against his father for tort appears either in the English reports or in any State report down to 1891, although during that period numerous cases appear of criminal proceedings against parents

for the abuse of their minor children in circumstances which would permit civil actions for damages if such right of action existed."

The reasoning and conclusion of the decision in the Rhode Island case are in keeping with other authorities. (*Hewlett* v. *Ragsdale,* 68 Miss. 703; *McKelvey* v. *McKelvey,* 111 Tenn. 388; *Taubert* v. *Taubert,* 103 Minn. 247; *Small* v. *Morrison,* 185 N. C. 577; *Roller* v. *Roller,* 37 Wash. 242; *Smith* v. *Smith,* 81 Ind. App. 566; 142 N. E. 128; *Foley* v. *Foley,* 61 Ill. App. 577.)

The holding of the cases above cited is also in keeping with the rule laid down by many of the text book writers. (1 Cooley Torts [3d ed.], 493; Hale Torts, p. 274, § 140; Schouler Dom. Rel. [3d ed.] § 275; 20 R. C. L. 631.)

The last cited authority states the rule as follows: " It is well established that a minor child cannot sue his parent for a tort. The peace of society, and of the families composing society, and a sound public policy, designed to subserve the repose of families and the best interests of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent."

Some of the reasoning by the courts in cases in this State denying to a wife a cause of action against the husband for negligence or assault is somewhat pertinent. (*Longendyke* v. *Longendyke,* 44 Barb. 366.) The authorities hold that no cause of action can be maintained by a wife against her husband for negligence in New York State. This common-law rule prevails notwithstanding the enactment of various enabling acts. (*Perlman* v. *Brooklyn City R. R. Co.,* 117 Misc. 353; affd., 202 App. Div. 822; *Newton* v. *Weber,* 119 Misc. 240.) It was urged, in some of the cases in this State involving the maintenance of an action by a wife against the husband for tort, that the statutory enactments authorized the wife to maintain an action in her own name affecting her separate rights of property or person changed the common-law rule. The courts, however, have held rather uniformly that the right to maintain such an action would be against public policy.

In New York State the common law prevails where there is no change by statute. (*International Text Book Company* v. *Connelly,* 206 N. Y. 188, 201; *Southworth* v. *Morgan,* 205 id. 293, 296.) In so far as the right of an infant to maintain an action against its parent for personal wrong, the rule continues, in this State, as under the common law. The rights or relations in that regard have not been affected either directly or indirectly by any statutory enactment.

Depriving an infant of a cause of action for tort against a parent in certain cases might appear as unjust. The danger, however,

arising from such class of litigation would be very great. The reasons for the prevention thereof appear sound.

Upon consideration of the complaint, stipulation and other papers submitted, it appears that the plaintiff has no cause of action. The complaint should be dismissed.