RISER v. RISER.

1. HUSBAND AND WIFE—NEGLIGENCE—WIFE MAY NOT RECOVER IN TORT AGAINST HUSBAND.

A wife may not recover in tort damages against her husband for injuries occasioned by his negligence.

2. SAME—PRINCIPAL AND AGENT—MASTER NOT LIABLE IF SERVANT NOT LIABLE.

The liability of the owner of a motor vehicle for damages caused by the negligent operation thereof by another rests upon the doctrine of agency, express or implied, and is also based upon the doctrine of *respondeat superior*, so that, where the servant is not liable because the person injured is his wife, the master is not liable.

3. SAME — NEGLIGENCE OF AUTOMOBILE OWNER IN PERMITTING GUEST'S HUSBAND TO DRIVE INSUFFICIENT TO ENTITLE HER TO RECOVER FOR INJURIES SUSTAINED—PROXIMATE CAUSE.

The guest of an automobile owner, who was injured in an accident while her husband was driving at the owner's request, could not recover therefor solely because of the owner's negligence in permitting the husband to drive, since, to recover, it would further have to be shown that the driver was guilty of negligence proximately causing her injuries.

Certiorari to Saginaw; Browne (Clarence M.), J. Submitted June 15, 1927. (Docket No. 3.) Decided October 3, 1927.

Case by Mary F. Riser against Martin L. Riser and another for personal injuries. From an order denying a motion to dismiss, defendants bring certiorari. Reversed.

*O'Keefe & O'Keefe,* for appellants.

*Weadock & Weadock,* for appellee.

[1]Husband and Wife, 30 C. J. § 675; 6 L. R. A. (N. S.) 191; 30 L. R. A. (N. S.) 1153; 52 L. R. A. (N. S.) 185; 13 R. C. L. 1394; 3 R. C. L. Supp. 143; [2]Motor Vehicles, 42 C. J. §§ 836, 1161; [3]Id., 42 C. J. § 836; 37 A. L. R. 165; 6 R. C. L. Supp. 137.

CLARK, J.   Defendants, Martin L. Riser and Emma J. Riser, his wife, owned a Reo sedan.   On January 26, 1926, they invited the plaintiff and her husband, Roy Riser, to accompany them as their guests in their car from Saginaw to Belding.   On the return trip that day Roy Riser drove the car, plaintiff riding therein with the defendants.   While plaintiff's husband was driving, the car went into the ditch and plaintiff was injured.   She brought suit against said defendants, Martin L. and Emma J. Riser.   The declaration sets forth many duties of the defendants toward her while she was riding in the car, but the averment of breach is not quite so extensive.   We quote from the declaration:

"Plaintiff avers that the defendants then and there invited other guests into said automobile and solicited and required Roy Riser, of Saginaw, Michigan, the husband of plaintiff, to operate and manage the said automobile, and that the said defendant, Martin L. Riser, rode in said car and instead of operating and carefully directing the said car, he urged and requested the said Roy Riser to drive the same and neglected and failed to fully advise the said Roy Riser of the peculiar methods of operation required in driving said Reo sedan, well knowing that then and there the roads were slippery with ice and drifted with snow, and that extreme care and caution was required to safely carry said plaintiff over the same.

"Plaintiff avers that on the course of said journey at a point on a trunk line, known and called trunk line M-14 about three and one-quarter miles south of Ithaca, the said Roy Riser, then and there not being familiar with the operation of the brakes and driving controls of said car, operated the said machine under the direction and authority of the said defendants. That said Roy Riser driving too rapidly over said trunk line M-14, on account of the condition of the road had occasion to check the said car by placing his foot on the brake pedal controlling and reducing the speed of the car.   That said plaintiff alleges that said defendants and their servants and agents, disregarded their said duty and obligation, were not careful in the

handling, management and operation of said car, but upon the contrary Roy Riser, who was put in charge of the driving control of said car for said defendants, negligently and carelessly took his hands from the steering gear of said car while going along at the rate of twenty-five (25) miles an hour on an icy road, for the purpose of lighting a cigarette and thereby lost control of said car, caused it to swerve, turn, upset and throw said car and all the persons therein into the ditch, and thereby to injure said plaintiff, that said Roy Riser negligently, carelessly and without prudent attention to the peculiarities of the said car, placed his foot on the clutch of said car instead of on the brake pedal and caused the car to skid and slew on the road, so that said car struck an icy portion of the road and thereupon and by such negligence of Roy Riser and of the said defendants, the said car was violently at a high rate of speed, thrown into the ditch at the roadside and tipped over on its side."

Defendants' motion to dismiss was denied and they bring certiorari.

Plaintiff might not recover in tort damages against her husband for her injuries occasioned by his negligence. See *Harvey* v. *Harvey*, 239 Mich. 142, where the matter is considered at length. As plaintiff may not recover against her husband, the driver of the car, she cannot recover against the owners, defendants, for whom he drove.

"The liability of the owner of a motor vehicle for damages caused by the negligent operation thereof by another person, rests upon the doctrine of agency, express or implied.

"The liability is based upon the doctrine of *respondeat superior*. If the servant is not liable the master is not liable. Hence the master may not be liable for injuries sustained by the wife of the driver." *Maine* v. *James Maine & Sons Co.*, 198 Iowa, 1278 (201 N. W. 20, 37 A. L. R. 161).

This rule rests upon a familiar principle which need not be expounded. See, also, *Emerson* v. *Irrigation Co.* (Neb.), 216 N. W. 297.

Plaintiff contends that, apart from the negligence of her husband in driving the car, defendants were guilty of independent negligence, namely, in permitting and directing her husband to drive, he being without experience in operating a Reo car.     But that alone would not give plaintiff a right of action.     It would further have to be shown that her husband was guilty of act or acts of negligence proximately causing her injuries.     In *Capeling* v. *Saginaw Coal Co.,* 156 Mich. 437, it was held that the following request ought to have been given:

"Should you find that Patton was not reasonably competent and trustworthy as engineer, this, of itself, would not charge the defendant with responsibility for his act of lowering the cage onto plaintiff, unless you also find that such act was one performed by him because of permission from defendant before that time granted to him, or suffered by defendant to be performed by him, and that the particular act was a careless and negligent one."

And we quote from *Black* v. *Hunt,* 96 Conn. 663 (115 Atl. 429):

"Under the complaint, the case presented is one of negligence by a servant of the owner in relation to a stranger, and it is not a material fact in such an action that the servant is alleged to be incompetent and inexperienced.     Such an allegation in this class of cases, although accompanied by an allegation that the defendant had negligently provided an incompetent and inexperienced operator for his car, and thereby caused the injury, would not be an allegation of actionable negligence.     *Carlson* v. *Connecticut Co.,* 94 Conn. 131 (108 Atl. 531, 8 A. L. R. 569)."

The employing of incompetent servants is important as regards the negligence of a fellow-servant and the assumption of risk.

It follows that the order should be set aside and the declaration dismissed, with costs to defendants.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.