[Civ. No. 3951.   Third Appellate District.—January 20, 1930.]

R. F. HAVENS et al., Respondents, v. A. LOEBEL, Appellant.

J. Hampton Hoge, Len H. Honey and A. Dal. Thomson for Appellant.

Arthur Coats and Alvin Weis for Respondents.

PLUMMER, J.—This is an action for personal injuries alleged to have been sustained by the plaintiff Leila Havens, by reason of the alleged negligent operation of an automobile by the defendant. Also to recover for loss of services and damages to the automobile belonging to the plaintiff, R. F. Havens. The plaintiffs had judgment and the defendant appeals.

This action is based upon the collision of the automobile owned by R. F. Havens, with the defendant A. Loebel, mentioned and considered in the action of R. F. Havens against A. Loebel (Civil No. 3950), *ante,* p. 209 [284 Pac. 676], heretofore decided by this court in an opinion filed on the sixteenth day of January, 1930. The testimony in the instant case is practically the same as in the case of *Havens* v. *Loebel,* so far as it relates to all the conditions and circumstances attending the collision between the two automobiles. In addition to the testimony of the plaintiff there set forth and the statements in the opinion in that case as to what the testimony of the plaintiff established in relation to the plaintiff driving into the intersection with his sight so blinded or interrupted by the rays of the sun that he could not and did not see the defendant's car, and that he did so while driving at the rate of thirty miles an hour, without slackening his speed, we may add the following: After stating that there was no object in the road to interrupt his view, the plaintiff testified: "There was a dark spot on the windshield from the glare; I tested it out and there is a spot on the left-hand side of the windshield so you could not see." (This was after the witness had stated that he did not see the defendant's car.) Further on the plaintiff testified as to giving certain testimony before the coroner's jury, which is set forth herein as the plaintiff's testimony when there giving an explanation of the occurrence. It is as follows: "I was going west just about six o'clock, or a little after, and the sun was directly in my eyes; there were machines coming and going both ways; I was watching my end of the road in order to keep to my side of the pavement; I knew that the stop-signs are along on the roads coming in and I trust to this; I was taking in vision as much as I could see in front of me; if there had been any machine stopped along that side I could have seen it because there is a clear spot there, and just like that, that machine seemed to come just from space like it had been placed by magic right square in front of me; I had no chance at all; to me it seemed as if the machine was stopped dead-still right in front of me; that is my vision of the thing. . . . I was driving 30 miles an hour; I looked at the speedometer just a few seconds before that; I couldn't have driven any faster and stay on the pavement facing the sun;

I never drive any faster under those conditions; I absolutely saw no car on the road approaching the highway until it was directly in front of me, not until the impact was made; I hit his car; there was an awful glare and the radiator—I have practically a new machine, and the radiator and the hood are rather high; there was a glare from that and the highway.''

In consideration of this testimony and what we have set forth in the case of *Havens* v. *Loebel, supra,* there is no escaping the conclusion that the plaintiff's negligence continued up to the instant that his car struck the side of the defendant's automobile, turning it over, and under the sections of the California Vehicle Act, and the cases which we have cited in our former opinion dealing with the same transaction, there is no escaping the conclusion that the plaintiff was guilty of contributory negligence as a matter of law. We may also add that the testimony in this case shows that the plaintiff Leila Havens was so blinded by the sunlight that she could not and did not see the approach of the defendant's car. Under the authority of *McFadden* v. *Santa Ana, O. & T. St. Ry. Co.,* 87 Cal. 464 [11 L. R. A. 252, 25 Pac. 681], it must be held that the contributory negligence of the husband is imputable to the wife and prevents recovery by her.

Basing our opinion upon what we have here said, and the companion case decided by this court in its opinion filed as aforesaid, it follows that the judgment in this case must be and the same is hereby reversed.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 15, 1930, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 17, 1930.

All the Justices concurred.