SIDNEY CHASE *vs.* NEW HAVEN WASTE MATERIAL CORPORATION.

Third Judicial District, New Haven, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 23d—decided April 30th, 1930.

*Israel J. Jacobs* and *James F. Rosen,* for the appellant (plaintiff).

*William L. Hadden,* with whom was *David E. Fitzgerald, Jr.,* and, on the brief, *David E. Fitzgerald,* for the appellee (defendant).

WHEELER, C. J.   The complaint alleged these facts: The plaintiff, a child of eight, lived in the house in the front of the yard occupied by the defendant in transacting its business and was in the habit of playing daily with other children in this yard.   While so playing he was knocked down and severely and permanently injured by a truck of defendant while being driven by its manager and agent, the father of the plaintiff, and backed into the yard in the regular course of his employment.   The accident was due to the negligence of the driver in operating the truck without having it properly under control and without keeping a proper look-out for children playing in the yard, although he saw and knew they were so playing.

The defendant demurred to the complaint because (1) the action was founded on the negligent acts of the driver of the truck, the father of the plaintiff-minor and cannot be maintained by him for his parent's tortious acts, (2) it does not appear from the complaint that the minor either at the time he suffered his in-

juries or at the time this action was started was emancipated from his parent. The court ruled that as an unemancipated child cannot recover from his father for negligence and the defendant corporation must act through agents its liability for their acts is purely derivative, and based on the liability of the servant who committed the act, and if it has to pay for its servant's negligence it can recover over from him.

The first question raised by the demurrer is that the action will not lie because founded upon the father's tortious acts. The rule of *respondeat superior* makes one responsible for the act of his servant when the servant's act was a wrong to the other and was done by him when he was engaged in doing something in the line of his service or incidental to it. Dean Smith writes in his article, Frolic and Detour, 23 Columbia Law Review, 452, that "no legal doctrine has been so generally criticised and yet so generally adhered to by courts as the doctrine of *respondeat superior*." The limitation of the master's responsibility to wrongful acts of the servant while doing his master's business is at the base of our characterization of the doctrine of *respondeat superior* as one of universal justice. Differing reasons have been given for this doctrine; we are not in doubt, we hold that the doctrine is bottomed upon a rule of public policy and social justice. "On the whole," we say, "substantial justice is best served by making a master responsible for the injuries caused by his servant acting in his service, when set to work by him to prosecute his private ends, with the expectation of deriving from that work private benefit. This has at times proved a hard rule, but it rests upon a public policy too firmly settled to be questioned." *Hearns* v. *Waterbury Hospital*, 66 Conn. 98, 126, 33 Atl. 595. Later, in *Wolf* v. *Sulik*, 93 Conn. 431, 436, 106 Atl. 443, we say of this doctrine: "But theoretically as well as

practically, the master's responsibility for the negligence of his servant extends far beyond his actual or possible control over the conduct of the servant. It rests on the broader ground that every man who prefers to manage his affairs through others, remains bound to so manage them that third persons are not injured by any breach of legal duty on the part of such others while they are engaged upon his business and within the scope of their authority."

Two reasons have been assigned in cases which hold that this rule is not applicable where the action could not be maintained by the injured person against the servant who has through his wrongful act of trespass or negligence caused the injury. The master's liability is said to be derivative, that is based upon the servant's liability. *Maine* v. *Maine & Sons Co.*, 198 Iowa, 1278, 201 N. W. 20. The liability of each exists without relation to that of the other; the servant for his own wrongful conduct; the master for the wrongful conduct of his servant while acting for him. The breach of duty as to each is independent of the other. In no sense is the master's duty a derivative one. In jurisdictions where the wife cannot sue the husband, or where, as in this jurisdiction the child cannot sue his parent, the wife or child would have a remedy for a wrongful trespass or act of negligence against a servant who was not the husband or parent for his wrongful trespass or negligent act and against his master if the wrong done occurred while the servant was engaged in the master's business. If the husband or parent had by his wrongful conduct injured any person other than his wife or child he would be liable, as would his master, if the wrong was done while he was engaged in his master's business. In either case the master would be liable for the wrong of his servant, for he was at the time acting for him. Though the law may deny to

the wife or child injured the right of recovery against the husband or parent who is the servant of the master, the liablity of the master must remain until he satisfy it or be by rule of law relieved from the liability for his servant's wrong. In an action by a wife against her husband's employer for injury caused by her husband's negligent act while engaged in the service of his employer the Court of Appeals of New York held: "A trespass, negligent or wilful, upon the person of a wife, does not cease to be an unlawful act though the law exempts the husband from liability for the damage. Others may not hide behind the skirts of his immunity. . . . The employer must answer for the damage whether there is trespass by direct command or trespass incidental to the business committed to the servant's keeping. In each case the maxim governs that he who acts through another, acts by himself." *Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 253, 256, 164 N. E. 42. The Supreme Court of Vermont, largely in reliance upon the above case, reached the same conclusion. *Poulin* v. *Graham*, 102 Vt. 307, 147 Atl. 698.

In Nebraska, Washington, and Michigan, in *Emerson* v. *Western Seed & Irrigation Co.*, 116 Neb. 180, 216 N. W. 297; *Doremus* v. *Root*, 23 Wash. 710, 63 Pac. 572, and *Riser* v. *Riser*, 240 Mich. 402, 215 N. W. 290, the court denied a recovery by a wife against her husband's employer for the husband's acts of negligence upon the theory: "If recovery may be had by the wife against the employer, and he in turn may recover from the husband-employee, then the family wealth remains the same save as diminished by the expenses of the litigation. It would seem that to permit a recovery against the employer results simply in countenancing an encircling movement where a frontal attack upon the husband is inhibited." *Emerson* v. *Western Seed & Irrigation Co., supra*, 185. This argument disregards the

inescapable fact that the employer is liable for the negligent act of his employee done in his service. Public policy may exempt the husband or parent from an action by the wife or child directly against him for his negligent act. There is no rule of law and no public policy which would exempt the employer. The two actions are totally dissimilar as we have earlier stated. The argument rests upon the fallacious assumption that since the employer has an action over against his employee it will merely result in the employee paying back to him the recovery from the employer less the expenses of the litigation. The recovery for the wrong done the wife or child by the employer does not belong to the husband or father but to the wife or child. The recovery by the employer from his employee will diminish his own property, it will not in the eye of the law diminish the property belonging to his wife or child. The assumption is also fallacious in that it assumes there will be an actual recovery in fact against the employee. Instances where such a recovery has been actually paid by the employee have not been called to our attention. Economic conditions, of which courts cannot avoid taking notice, would deter the employer from attempting to procure an uncollectible judgment against his negligent employee; by itself this fact of life very largely destroys the presumption upon which the conclusion of these cases is based. We find no difference in principle, in cases of the kind we are considering, between the action by the wife who is permitted by statute to sue in tort her husband and the action by the unemancipated child who is denied the right to sue his parent for his tortious act. "A sufficient basis for his [the master's] recovery is the breach of an independent duty owing to himself." *Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 253, 257, 164 N. E. 442.

There is error, the judgment is reversed and the case

remanded with direction to the Superior Court to over-rule the demurrer.

In this opinion the other judges concurred.