## METROPOLITAN LIFE INS CO v HUFF

Ohio Appeals, 9th Dist, Summit Co

No 2327.   Decided Dec 11, 1933

Musser, Kimber & Huffman, Akron, for plaintiff in error.

Benner, McGowan & Lombardi, Akron, for defendant in error.

## OPINION

By WASHBURN, PJ.

The evidence which it is claimed was incompetent, is to the effect that the assist-

-ant district manager of the company who had authority to and did supervise Mr. Huff's accounts and checked up on his collections, and who did assist and direct him in the discharge of his duties, was present at various times when Mrs. Huff was with her husband in said automobile while he was in the discharge of his duties, that said assistant manager encouraged Mrs. Huff to ride with her husband on his trips in the transaction of the business of the company, and that he advised Mr. Huff to take his wife along instead of staying home with her evenings, thus inducing Mr. Huff to work more nights.

We think that the evidence in the record, which was in no wise denied, is sufficient to prima facie establish the authority of such assistant manager to do what it was testified he did in the supervision and prosecution of the business of the company, and that the evidence about which complaint is made was competent.

With that evidence in the record, we do not think that, on the whole record, the trial judge would have been justified in deciding as a matter of law that Mrs. Huff was in said automobile solely for her own pleasure, or that, as against the company, Mrs. Huff, while in said automobile, was a trespasser, to whom the company owed only the duty due a trespasser.

The uncontradicted evidence referred to, establishes that the company consented to Mrs. Huff's riding in the automobile as a guest of her husband, and it seems to us might justify the inference that her going with her husband was to some extent in furtherance of the business of the company; but in any event we are of the opinion that the mere fact that Mrs. Huff's accept-ance of her husband's invitation to ride was not in furtherance of the business of the company, would not be decisive of her right to recover; and in this connection it must be remembered that the company offered no evidence.

Furthermore, we find that the jury was justified in finding that the duties of Mr. Huff, prescribed by the defendant, were of such a nature as to render the use of his automobile reasonably necessary in the transaction of the business of the company; that at the time Mrs. Huff was injured, she was riding as a passenger in her husband's automobie with the knowledge and consent of the company; that at that time, Mr. Huff was using said automobile, with the knowledge and consent of the company, as an employee of the company, was then engaged in the prosecution of the company's business, and was acting within the scope of his employment; that the injuries which Mrs. Huff suffered were proximately caused by the negligence of her husband in the driving of said automobile while so employed by and acting for the company; and that the circumstances were such that the jury was warranted in finding that the company was liable, unless the fact that Mrs. Huff was the wife of said employee de-manded a different finding.

That leaves for consideration the question of whether the fact that the injured party was the wife of the negligent employee, precludes her from recovery from the employer for injuries caused by the negligence of the employee while in the discharge of his master's business and within the scope of his employment.

On that question there is no authority in Ohio, and outside of Ohio the authorities are in conflict.

Poulin v Graham, 147 Atl. 698.

Schubert v August Schubert Wagon Co., 164 NE 42.

Chase v New Haven Waste Material Co., 150 Atl. 107.

Hensel v Hensel Yellow Cab Co., 245 NW 159.

McLaurin v McLaurin Furniture Co., 146 Sou. 877.

Riser v Riser, 215 NW 290.

Emerson v Western Seed & I. Co., 216 NW 297.

Maine v James Maine & Sons Co., 201 NW 20.

In Ohio, a wife may "take, hold and dis-pose of property, real or personal, the same as if unmarried" (§8001, GC), and she may enter into contracts with her husband (§7999 GC), and she may "sue and be sued as if she was unmarried" (§11245, GC); but such legislation does not abrogate the common-law principle, founded on a wise public policy, which precludes the wife from maintaining an action against her husband to recover damages for a tort committed by the husband upon the wife, while they are living together as man and wife.

**Leonardi v Leonardi, 21 Oh Ap 110 (4 Abs 732).**

**Finn v Finn, 19 Oh Ap 302 (3 Abs 55).**

In the cases hereinbefore cited which hold that a wife may not recover from her husband's employer for injuries suffered by her which were caused by the negligence of her husband while acting for his em-ployer and within the scope of his em-ployment, the main reason given for such holding is that the employer is liable on the doctrine of respondeat superior, and that as the husband is not liable to his wife, there is no liability for which the employer

can be held responsible; but such reasoning entirely ignores the fundamental principle that the employer is responsible because the act of the employee in the course of his employment is the act of the employer.

If in law the act of the employee is the act of the employer, then the latter's responsibility for his act ought not to be abrogated simply because the injured party is denied the right to sue the employee.

The right to sue the employer is not a dependent but a primary right; the liability of the employer is not based upon the employee's liability and is not subordinate or secondary thereto. The liability of the employee is for his wrongful conduct, and the liability of the employer is for his breach of duty through his employee acting for him; the breach of duty as to each is so independent of the other that, in a case such as the one at bar, the injured party, even if she were a stranger to the employer, could not maintain a joint action against the negligent employee and his employer.

**French, Admr. v The Central Construction Co., 76 Oh St 509.**

In the very late (1933) Restatement of the Law of Agency, the following appears:

"(2) A master or other principal. is not liable for acts of a servant or other agent which the agent is privileged to do although the principal himself would not be so privileged; but **he may be liable for an act as to which the agent has a personal immunity from suit.**

"**Comment:** * * *

"b. * * * if an agent has an immunity from liability as distinguished from a privilege of acting, the principal does not share the immunity. Thus, if a servant, while acting within the scope of employment, negligently injures his wife, the master is subject to liability."

1 Agency A.L.I., §217.

It is urged, however, that as public policy forbids a wife from suing her husband in a case like the one at bar, we should determine that it is against public policy to permit the wife to sue her husband's employer.

We know of no legislative enactment or court decision or constitutional provision in Ohio which indicates any such public policy, and as it is the peculiar province of the highest court of the state to declare its public policy, we are unwilling to determine that such should be the public policy of the state.

We prefer the reasoning of the cases hereinbefore cited in which it is held that a wife injured by the negligence of her husband while acting for his employer and within the scope of his employment, may maintain an action against such employer, although she is precluded from maintaining an action against her husband for such injuries.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.