BEATRICE B. SMITH *v.* ROSA F. SMITH

(No. 8107)

Submitted April 17, 1935.  Decided April 30, 1935.

*Copenhaver & Boiarsky*, for plaintiff in error.

*T. C. Townsend* and *Hillis Townsend,* for defendant in error.

WOODS, JUDGE:

This is an action by a guest against the owner of an automobile to recover for injuries sustained as a result of the alleged negligence of the latter's driver-agent in the operation of the automobile.  A special plea was filed setting up that the driver-agent was the infant son of the plaintiff; that negligence, if any, was that of the driver-agent; that plaintiff could not maintain an action in tort against her son for injuries incurred as in declaration alleged; and that, therefore, no action lies against the owner, as principal or master.  The trial court overruled plaintiff's demurrer to the special plea, and entered a *nil capiat.*  Plaintiff prosecutes error.

Are the allegations of the plea sufficient to bar an action against the owner?  We have held that ''an unemancipated infant may not maintain against his parent an action for

damages for personal injury caused by the parent's negligence in driving his automobile wherein the child was a passenger." *Securo* v. *Securo,* 110 W. Va. 1, 156 S. E. 750. However, the trespass, whether negligent or wilful, does not cease to be an unlawful act, by reason of such immunity. *Schubert* v. *August Schubert Wagon Co.,* 249 N. Y. 253, 164 N. E. 43, 64 A. L. R. 293. As this Court pointed out in *Lusk* v. *Lusk,* 113 W. Va. 17, 166 S. E. 538: "The rule followed in the *Securo* case concedes the commission of a civil wrong on the child by the parent, but palliates the wrong (in case of passive negligence) in the interest of parental discipline and control and of domestic harmony."

The special plea assumes that the owner's liability is dependent upon the agent's susceptibility to an action by the plaintiff. And, that, the child not being liable to suit, the principal, under the doctrine of *respondeat superior,* likewise enjoys immunity.

The doctrine of *respondeat superior* is based on the proposition that he who expects to derive advantage from an act which is done by another for him, must answer for a wrongful injury sustained by a third person from that act. *Wills* v. *Montfair Gas Coal Co.,* 104 W. Va. 12, 17, 138 S. E. 749. Under this doctrine the master or principal is responsible for the act of his servant or agent when the latter's act was a wrong to the other, and was done by him when he was engaged in doing something in the line of his service, or incidental to it. *Schubert* v. *August Schubert Wagon Co., supra; Poulin* v. *Graham,* 102 Vt. 307, 147 Atl. 698; *Chase* v. *New Haven Waste M. Corp.,* 111 Conn. 377, 150 Atl. 107, 68 A. L. R. 1497. In other words, the right of action against the principal is separate from that of the act of the agent, and if the act was negligent, the principal is liable although the agent may not, under the law, be held accountable. In the *Chase* case the Connecticut Supreme Court of Errors held that an employer is liable to an unemancipated minor child of an employee for an injury due to the latter's negligence while acting in the service of the employer, notwithstanding that the child could not maintain an action against the parent for the tortious act.

The plaintiff having pleaded a trespass by the owner of the

automobile through the negligence of the latter's servant or agent, the owner must defend. His liability is separate and apart from that of the agent. We, therefore, reverse the action of the trial court in overruling the demurrer to the plea and dismissing the action, and remand the case.

*Judgment reversed; case remanded.*