[Civ. No. 1877. Fourth Appellate District.—May 17, 1938.]

ROBERT MYERS, a Minor, etc., Respondent, v. TRANQUILITY IRRIGATION DISTRICT, Appellant.

▮

▮

▮

Ray W. Hays and William M. Miles for Appellant.

Louis J. Coelho and Hayhurst & Gibson for Respondent.

MARKS, J.—This is an appeal from a judgment in favor of plaintiff for damages resulting from injuries suffered in an automobile accident and from an order denying a motion for judgment notwithstanding the verdict.

Plaintiff, the minor child of Frank Myers and Elizabeth Myers, recovered judgment against defendant for injuries

suffered in an automobile accident which happened on July 20, 1935, in the town of Tranquility in Fresno County. The automobile that injured plaintiff was owned by defendant and was being driven by Frank Myers, the father of plaintiff.

The sole question necessary for our consideration may be stated thus: ▇ Can an unemancipated minor recover damages against the employer of his father for injuries caused by the negligence of his father? The question is one of first impression in California.

For the purpose of this opinion we will assume the following facts: That at the time and place of the accident Frank Myers, as an employee of defendant, was driving an automobile of defendant on his employer's business and was acting within the scope of his authority; that he was negligent in the operation of the automobile; that such negligence was the sole and proximate cause of plaintiff's injuries; that plaintiff was not guilty of contributory negligence.

There is a flat and irreconcilable conflict of opinion among the courts of the various states of the Union on the question before us. As the decisions are numerous we will not attempt to review them in detail but will content ourselves with the citation of some of them.

The line of cases relied upon by plaintiff for support of the judgment may be divided into three general classes as follows:

First: A wife may recover judgment against the employer of her husband for damages resulting from injuries caused by the negligence of her husband while on his employer's business and acting within the scope of his authority. (See, *Schubert* v. *August Schubert Wagon Co.*, 249 N. Y. 253 [164 N. E. 42, 64 A. L. R. 293]; *Le Sage* v. *Le Sage*, 224 Wis. 57 [271 N. W. 369]; *Poulin* v. *Graham*, 102 Vt. 307 [147 Atl. 698]; *Metropolitan Life Ins. Co.* v. *Huff*, 48 Ohio App. 412 [194 N. E. 429]; *McLaurin* v. *McLaurin Furniture Co.*, 166 Miss. 180 [146 So. 877]; *Koontz* v. *Messer*, 320 Pa. 487 [181 Atl. 792].)

Second: An unemancipated minor may sue his parent for damages resulting from injuries caused by the negligence of the parent. (See, *Dunlap* v. *Dunlap*, 84 N. H. 352 [150 Atl. 905, 71 A. L. R. 1055]; *Smith* v. *Smith*, 116 W. Va. 230 [179 S. E. 812]; *Briggs* v. *City of Philadelphia*, 316 Pa. 48 [173 Atl. 316]; *Lusk* v. *Lusk*, 113 W. Va. 17 [166 S. E. 538].)

Third: An unemancipated minor may recover judgment against the employer of his párent for damages resulting from injuries caused by the negligence of the parent while on his employer's business and acting within the scope of his authority. (See, *Le Sage* v. *Le Sage, supra; Chase* v. *New Haven etc. Co.,* 111 Conn. 377 [150 Atl. 107, 68 A. L. R. 1497].)

Among the cases holding that a wife may not sue the employer of her husband for damages caused by his negligence while on his employer's business and acting within the scope of his authority, we cite the following: *Emerson* v. *Western Seed & Irr. Co.,* 116 Neb. 180 [216 N. W. 297, 56 A. L. R. 327]; *Riser* v. *Riser,* 240 Mich. 402 [215 N. W. 290]; *Maine* v. *James Maine & Sons Co.,* 198 Iowa, 1278 [201 N. W. 20, 37 A. L. R. 161]; *Abbott* v. *Abbott,* 67 Me. 304 [24 Am. Rep. 27].

We cite the following cases holding that an unemancipated minor cannot sue his parent for damages resulting from injuries caused by an act of negligence of the parent: *Trudell* v. *Leatherby,* 212 Cal. 678 [300 Pac. 7]; *Roller* v. *Roller,* 37 Wash. 242 [79 Pac. 788, 68 L. R. A. 893, 107 Am. St. Rep. 805, 3 Ann. Cas. 1]; *Sorrentino* v. *Sorrentino,* 248 N. Y. 626 [162 N. E. 551]; *Ciani* v. *Ciani,* 127 Misc. 304 [215 N. Y. Supp. 767]; *Matarese* v. *Matarese,* 47 R. I. 131 [131 Atl. 198, 42 A. L. R. 1360]; *Belleson* v. *Skilbeck,* 185 Minn. 532 [242 N. W. 1]; *Mesite* v. *Kirchenstein,* 109 Conn. 77 [145 Atl. 753]; *Bulloch* v. *Bulloch,* 45 Ga. App. 1 [163 S. E. 708]; *Elias* v. *Collins,* 237 Mich. 175 [211 N. W. 88, 52 A. L. R. 1118]; *Lund* v. *Olson,* 183 Minn. 515 [237 N. W. 188]; *Reingold* v. *Reingold,* 115 N. J. L. 532 [181 Atl. 153]; *Canen* v. *Kraft,* 41 Ohio App. 120 [180 N. E. 277]; *Kelly* v. *Kelly,* 158 S. C. 517 [155 S. E. 888]; *Norfolk So. R. Co.* v. *Gretakis,* 162 Va. 597 [174 S. E. 841]; *Securo* v. *Securo,* 110 W. Va. 1 [156 S. E. 750]; *Wick* v. *Wick,* 192 Wis. 620 [212 N. W. 787, 52 A. L. R. 1113]; *McKelvey* v. *McKelvey,* 111 Tenn. 388 [77 S. W. 664, 102 Am. St. Rep. 787, 1 Ann. Cas. 130, 64 L. R. A. 991].

*Mahaffey* v. *Mahaffey,* 15 Tenn. App. 570, holds that an unemancipated minor cannot sue a partnership of which his father is a member for damages for injuries caused by the negligence of the father while on the partnership business. A holding of like effect is found in *Belleson* v. *Skilbeck, supra.*

A further compilation of authorities may be found in 37 A. L. R. 165, 56 A. L. R. 331, and 64 A. L. R. 296. See, also, 43 Harvard Law Review, 1079.

Plaintiff urges that those authorities holding that a wife may sue the employer of her husband for damages resulting from injuries caused by the negligence of her husband while on his employer's business and acting within the scope of his authority present a strong analogy to the case before us and that their reasoning and conclusion should be followed here. With this we cannot agree. California is a community property state. Such a judgment obtained by the wife would be community property. (Sec. 164, Civ. Code.) Both the husband and the wife have an equal interest in the community property during the continuance of the marriage relation (sec. 161a, Civ. Code) and the husband has the management of the community personal property. (Sec. 172, Civ. Code.) (See, also, *McFadden* v. *Santa Ana etc. Ry. Co.*, 87 Cal. 464 [25 Pac. 681, 11 L. R. A. 252]; *Neale* v. *Depot Ry. Co.*, 94 Cal. 425 [29 Pac. 954]; *Gomez* v. *Scanlan*, 155 Cal. 528 [102 Pac. 12].) A husband cannot by his own negligence enrich the community funds of which he is both the manager and part owner and thus profit by his own wrong. (*Basler* v. *Sacramento Gas & Elec. Co.*, 158 Cal. 514 [111 Pac. 530, Ann. Cas. 1912A, 642]; *Moody* v. *Southern Pac. Co.*, 167 Cal. 786 [141 Pac. 388]; *Havens* v. *Loebel*, 103 Cal. App. 294 [284 Pac. 717]; *Rapolla* v. *Goulart*, 105 Cal. App. 417 [287 Pac. 562]; *Solko* v. *Jones*, 117 Cal. App. 372 [3 Pac. (2d) 1028]; *Martin* v. *Costa*, 140 Cal. App. 494 [35 Pac. (2d) 362].)

We find California adhering to the majority rule that an unemancipated minor cannot sue his parent for damages resulting from the tort of the latter. The reasons for following the majority rule are thus stated in *Trudell* v. *Leatherby, supra*:

"That a minor child, unemancipated by his parents, cannot sustain an action against its parents seems to be well settled by the authorities. 'Actions by children against their parents are not to be encouraged, unless to redress clear and palpable injustice, and a minor child has no right of action against a parent for the tort of the latter.' (29 Cyc. 1663; see, also, 46 C. J., p. 1324.) To the same effect are the following well considered cases: *Smith* v. *Smith*, 81 Ind. App.

566 [142 N. E. 128] ; *Small* v. *Morrison,* 185 N. C. 577 [31 A. L. R. 1135, 118 N. E. 12]) ; . . . *Mannion* v., *Mannion,* 3 N. J. Misc. 68 [129 Atl. 431] ; *Damiano* v. *Damiano,* 6 N. J. Misc. 849 [143 Atl. 3] ; *Mesite* v. *Kirchenstein et al.,* 109 Conn. 77 [145 Atl. 753] ; *Zutter* v. *O'Connell,* 200 Wis. 601 [229 N. W. 74].

"The reason of the rule which deprives a minor child of a right of action against the parent for the tort of the latter is that proceedings of that nature tend to bring discord into the family and disrupt the peace and harmony of the household.

" 'It is well established that a minor child cannot sue his parent for a tort. The peace of society, and of the families composing society, and a sound public policy, designed to subserve the repose of families and the best interest of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent.' (20 R. C. L. 631.)

" 'Any proceeding tending to bring discord into the family and disorganize its government may well be regarded as contrary to the common law, and not to be sanctioned by the courts. Such conflict would arise by recognizing the right of a minor to bring his personal action against the father to recover damages for torts alleged to have been committed by the father in the course of the family relation and resulting in personal injury to the child.' (*Matarese* v. *Matarese, supra.*) "

It is the law in California that an employer, against whom a judgment has been rendered for damages occasioned by the unauthorized act of negligence of his employee, may recoup his loss in an action against the negligent servant. (*Bradley* v. *Rosenthal,* 154 Cal. 420 [97 Pac. 875, 129 Am. St. Rep. 171].) If a child cannot sue his parent for injuries caused by the tort of the latter for the reason that such an action would bring discord into the family, certainly the same reasoning would apply to the minor's action against the employer of the parent where the employer is permitted to recover from the parent the amount of the child's judgment against it. The action of the child against the employer may finally result in a judgment against the parent. As the child cannot sue the parent he should not be per-

mitted to institute an action that would finally result in a judgment against the parent. What the child cannot do directly he should not be permitted to accomplish by indirection. It is not only the action of the child against the father but the final judgment that tends ''to bring discord into the family and disorganize its government''. There is just as strong an interdiction against the judgment as against the suit. Therefore, any suit that would finally result in a judgment against the parent should be prohibited for the same reasons that the direct suit of the child against the parent is prohibited. The final result may be the same in both cases,—a judgment against the parent.

The judgment and order are reversed with directions to the trial court to grant the motion for judgment notwithstanding the verdict and enter judgment for defendant.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 15, 1938.