JOHN SAUNDERS, Administrator of the Estate of Hattie Loat, Plaintiff Below, Appellant, v. JAMES HILL, Administrator of the Estate of Simon Loat, et al., Defendant Below, Appellee.

(*July* 16, 1964.)

Before TERRY, C. J., and WOLCOTT and CAREY, J. J.

*George L. Sands* for appellant.

*John P. Sinclair,* of Berl, Potter & Anderson, for appellee.

Supreme Court of the State of Delaware, No. 11, 1964.

Terry, Chief Justice.

Hattie Loat, on July 13, 1959, was a passenger in a motor vehicle being driven by her husband. As a result of a collision with another motor vehicle, both Mr. and Mrs. Loat were killed. The administrator of the estate of Mrs. Loat instituted a personal injury action in the court below seeking damages against the estate of her late husband. The causes of action were asserted under the Wrongful Death Statute of this State (10 *Del. C.* § 3704 (b)) and the Delaware Survival Statute (10 *Del. C.* § 3701). The defendant, pursuant to Rule 12(c) of the Rules of the Superior Court, *Del. C.*, moved for judgment upon the pleadings upon the grounds that the action was barred by the common law rule precluding suits between husband and wife prevailing in this jurisdiction. Subsequent to the court's entry of judgment for defendant in conformity with this motion, the plaintiff appealed to this court from that portion of the order of the court below dismissing the wrongful death action.

■ The law is well settled in this jurisdiction that a wife may not maintain a personal injury action against her husband. See *Plotkin v. Plotkin*, 2 W.W.Harr. 455, 32 Del. 455, 125 A. 455 (Superior Court, 1924). Such a rule is based upon the common law doctrine that a husband and wife were legally a single entity and, accordingly, no cause of action could arise because of personal injuries inflicted by the husband upon the wife. See 27 Am.Jur., Husband and Wife, Sec. 589. At common law, therefore, the husband was not merely immune from suit by the wife for personal injuries; a cause of action never arose because of the unity of husband and wife. See *Ennis v. Donovan*, 222 Md. 536, 161 A.2d 698 (1960).

While the common law concept of the absolute legal unity of husband and wife has been substantially eroded by the Married Women's Property Acts, the rule of immunity from suit has been justified in more recent decisions as a means of promoting family harmony and discouraging collusion and fraud upon insurance companies. See *Rubalcava v. Gisseman*, 14 Utah 2d 344, 384 P.2d 389 (1963).

The wisdom and justification for the policies supporting the rule of immunity from suit is not presented by this appeal. Plaintiff concedes that the wife, had she lived, could not have sued her husband during the lifetime of the parties and further concedes that the survival action of the wife for personal injuries is barred because the survival action is a mere continuation of the cause of action originally held by the wife herself. Accordingly, it is inappropriate for plaintiff to rely upon those decisions which hold that since there is no unity or family harmony to promote upon the death of the parties, immunity from suit only exists if the parties are living. See, e.g., *Welch v. Davis*, 410 Ill. 130, 101 N.E.2d 547, 28 A.L.R. 2d 656 (1951) ; *Shirer v. Sessions*, 80 So.2d 905 (Fla., 1955) ; and *Kaczorowski v. Kalkosinski*, 321 Pa. 438, 184 A. 663, 104 A.L.R. 1267 (1936).

The narrow issue presented by this appeal is whether or not an exception to the well-settled common law rule of immunity from suit between husband and wife should be recognized in actions brought under the Wrongful Death Statute. 10 *Del. C.* § 3704 (b) provides:

"Whenever death is occasioned by unlawful violence or negligence, and no suit is brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there is no widow or widower, the personal representatives, may main-

tain an action for and recover damages for the death and loss thus occasioned."

The specific question presented by this appeal is one of first impression in this jurisdiction. We are aware that a majority of jurisdictions which have considered this question have not recognized the right of a wife's estate to maintain a wrongful death action against the estate of her husband. See *Castellucci v. Castellucci*, 188 A.2d 467 (Rhode Island Supreme Court, 1963) ; and Harper and James, The Law of Torts, Sec. 8.10. In addition, since plaintiff's construction of the wrongful death action would be in derogation of the common law rule precluding suits between husband and wife, such statute should be strictly construed and the abolition of immunity from suit should be predicated only upon clear and unequivocal language. See *Plotkin v. Plotkin*, cited supra.

Although the Wrongful Death Statute does create, in a sense, a new cause of action, it has been uniformly held in this State that such right of action is dependent upon the right of the person injured, had he not died in consequence of his injury, to maintain an action for personal injuries. See *Perry v. Philadelphia B. & W. R. Co.*, 1 Boyce 399, 24 Del. 399, 77 A. 725 (1910) ; and *Lynch v. Lynch*, 9 W.W.Harr. 1, 39 Del. 1, 195 A. 799 (Superior Court, 1937). Such a conclusion is dictated by the words of the statute which presuppose the right of the decedent to bring the suit had he lived by conditioning the right to bring a wrongful death action upon the failure of the decedent to bring suit during his lifetime.

Plaintiff, however, finds some erosion of this doctrine in the decision of the Superior Court in *Coulson v. Shirks Motor Express Corp.*, 9 Terry 561, 107 A.2d 922 (1954). It is true that the court, in Coulson, held that the Wrongful Death Statute "* * * provides a new and

independent cause of action unknown to the Common Law." However, a reading of the decision clearly indicates that the court was concerned with a radically different element of damages prevailing in a wrongful death action as compared to a survival action. It is clear that Coulson was not intended to qualify or limit the previous decisions of the Superior Court in *Perry v. Philadelphia B. & W. R. Co.*, cited supra, and *Lynch v. Lynch*, cited supra. It is obviously true that the Wrongful Death Statute does create a new and independent cause of action, but the distinguishing feature of a wrongful death action is not found in the right of the plaintiff to recover, but rather in the nature of the recovery allowed to plaintiff. See *Levlock v. Spanos*, 101 N.H. 22, 131 A.2d 319 (1957).

Plaintiff contends that the Perry and Lynch holdings merely indicate that the administrator or executor is bound by the factual conduct of the decedent rather than by any personal relationship giving rise to an immunity from suit. Such argument is predicated upon the assumption that the common law immunity from suit recognized the existence of a cause of action by the wife but merely prevented the wife from vindicating such right. See *Kaczorowski v. Kalkosinski*, cited supra. In the first place, as noted above, such an argument misconceives the nature of the common law immunity from suit and, in addition, such distinction is not supported by the above-cited decisions of this State. In the second place, this court has previously recognized that an executor or administrator is barred from maintaining a wrongful death action if the defendant could have asserted a personal immunity from suit in a personal injury action brought by decedent had he lived. See *Hill v. Moskin Stores, Inc.*, 3 Storey 117, 165 A.2d 447 (Supreme Court, 1960).

In summary, therefore, as recognized by plain-

tiff, the rule of immunity from suit is well settled in this jurisdiction and would have prevented Mrs. Loat from maintaining a personal injury action, had she lived, and does prevent her administrator from maintaining a survival action. Plaintiff has been unable to show any express language in the Wrongful Death Statute which indicates a legislative intention to abrogate the common law rule of immunity from suit. In fact, the statute supports the opposite conclusion, since the statute presupposes the ability of the decedent to have brought a personal injury action had he lived. We, therefore, are of the opinion that the Wrongful Death Statute does not create an exception to the normal immunity from suit between husband and wife. If a change is to be effected in the well-settled public policy of this State, such change must be effected by the Legislature and not by this court. See *Ennis v. Donovan,* cited supra.

The judgment of the court below is affirmed.