MARYLOU C. FIELDS, Plaintiff, v. SYNTHETIC ROPES, INC., a corporation of the State of Delaware, Defendant.

*(May 7, 1965)*

STOREY, J., sitting.

*Harold Leshem,* of Leshem & Rubenstein, and *Sheldon Albert,* James E. Beasley, Philadelphia, Pa., for plaintiff.

*William Prickett,* and *Roger Sanders,* of Prickett & Prickett, for defendant.

Superior Court of Delaware for New Castle County.

No. 80 Civil Action, 1964.

STOREY, Judge.

This is a personal injury action against Synthetic Ropes, Inc., a corporation of the State of Delaware, arising out of a motor vehicle accident. The plaintiff was a passenger in an automobile owned by defendant corporation and operated on the date of the accident by her husband, who was an officer and stockholder in the corporation. Defendant has moved for summary judgment, and in support of its motion contends, first, that because of the common law regard for the unity of husband and wife and the common law rule of interspousal immunity, plaintiff cannot recover from her husband's employer for injuries suffered by the wife as a result of her husband's negligence; second, that the Delaware guest statute prohibits plaintiff's recovery; and, third, that public policy prohibits such action by a wife against her husband's employer.

Defendant's initial contention poses a question of first impression to the Delaware courts. Delaware is a common law State, and it is well settled in this jurisdiction that a wife may not maintain a personal injury action against her husband. The rule was laid down in *Plotkin v. Plotkin,* 2 W. W. Harr. 455, 125 A. 455 (Del. Super. 1924). The Court, holding that a wife may not sue her husband for personal injuries, stated that at common law the legal existence of the wife was merged with that of her husband, that statutes removing disabilities of married women were to be strictly construed, and that no rights were to be granted other than those clearly expressed. The Plotkin decision was affirmed in *DuPont v. DuPont,* 32 Del. Ch. 56, 79 A. 2d 680 (1951);*Hickman v. Hickman,* 10 Terry 568, 121 A. 2d 689 (1956); and *Owens v. Owens,* 38 Del. Ch. 220, 149 A. 2d 320 (1959). *Saunders v. Hill,* Storey, 202 A. 2d 807 (1964), is the most recent case in Delaware citing and reiterating the rule laid down in the Plotkin decision. In the Saunders case, where a wife's administrator brought an action for wrongful death against the husband's estate, the Court, disallowing recovery, held that at common law a husband was not merely immune from suit but that a cause of action never arose because of the unity of husband and wife, and, further, that any abrogation of the common law rule of immunity and well-settled public policy of the State must be

effected by legislation and not be the Court.

Whether a wife, because she cannot maintain an action at law against her husband for personal injuries, can maintain an action against her husband's employer based upon the negligence of her husband has been an issue before courts in other jurisdictions. A reading of these decisions indicates a split of authority.

Cases in which recovery was allowed against the husband's employer include: *Schubert v. August Schubert Wagon Co.,* 249 N. Y. 253, 164 N. E. 42, 64 A. L. R. 293 (1928); *Hudson v. Gas Consumers' Ass'n.,* 123 N. J. L. 252, 8 A. 2d 337 (1939); *Chase v. New Haven Waste Material Corporation,* 111 Conn. 377, 150 A. 107 (1930); *Koontz v. Messer,* 320 Pa. 487, 181 A. 792 (1935); *Poulin v. Graham,* 147 A. 698 (1929); *Metropolitan Life Insurance Co. v. Huff,* 48 Ohio App. 412, 194 N. E. 429 (1933); *Hensel v. Hensel Yellow Cab Co.,* 209 Wis. 489, 245 N. W. 159 (1932); and *McLaurin v. McLaurin Furniture Co.,* 166 Miss. 180, 146 So. 877 (1933).

Various principles are set forth in these decisions, but the line of reasoning is basically the same. First, it is submitted that under the rule of *respondeat superior,* the right of one injured through an employee's negligence to proceed against the employer is primary and independent, and is not affected by the inability of the plaintiff to sue the employee or dependant on the rights of the employer against the employee. *Poulin v. Graham, Hudson v. Gas Consumers' Ass'n.,* and *Chase v. New Haven Waste Material Corporation,* supra. Plaintiff so contends this in her action here.

Second, it is held that the employer may not hide behind the immunity that exists because of the common law rule barring the wife's action at law against her husband. This principle was stated by Chief Justice Cardozo in *Schubert v. August Schubert Wagon Co.,* supra:

"A trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act, though the law exempts the husband from liability for the damage. Others may not hide behind the skirts of

his immunity." (164 N.E. at page 43.)

"By authority and tradition, an exception has been engrafted upon this rule where the husband is defendant." (At page 43).

The New York Court, in effect, concludes that the common law rule of immunity is an exception to the laws allowing a married woman to sue for trespass upon her person.

Lastly, the courts allowing recovery have held that the possibility that the employer, if adjudged liable, could in turn recover from the employee, is no bar to the wife's suit, since the employer's basis for action would be breach of duty, not subrogation, and, further, that any recovery from the husband would in the eyes of the law and of necessity be satisfied out of the husband's property as employee without recourse to the wife's separate property. *Koontz v. Messer,* supra.

The decisions disallowing a wife's action against her husband's employer include *Riegger v. Bruton Brewing Co.,* 178 Md. 518, 16 A. 2d 99 (1940); *Emerson v. Western Seed and Irrigation Co.,* 116 Neb. 180, 216 N. W. 297, 56 A. L. R. 327 (1927); *Maine v. James Maine & Sons Co.,* 198 Iowa 1278, 201 N. W. 20 (1924); *Riser v. Riser,* 240 Mich. 402, 215 N. W. 290 (1927); *Sacknoff v. Sacknoff,* 131 Me. 280, 161 A. 669 (1932); and *Raines v. Mercer,* 165 Tenn. 415, 55 S. W. 2d 263 (1932). In California, the Court, in *Myers v. Tranquility Irrigation Dist.,* 26 Cal. App. 2d 385, 79 P. 2d 419 (1938), estopped a minor child from maintaining an action against his father's employer.

The justification for disallowing such action encompasses five lines of reasoning:

First, it is held that to hold the employer liable because of the acts of its agents against whom no liability exists because of marital immunity would result in the employer's liability, notwithstanding the wife's inability to have legal redress against the person actually causing

her injuries. This, in the eyes of the Maryland Court in *Riegger v. Bruton Brewing Co.,* supra, would result in permitting "* * * the wife to do indirectly what admittedly she may not do directly." (16 A. 2d at page 101). In the words of the Nebraska Court, in *Emerson v. Western Seed and Irrigation Co.,* supra:

"It would seem that to permit a recovery against the employer results simply in countenancing an encircling movement where a frontal attack upon the husband is inhibited." (216 N. W. at page 299).

The Tennessee Court, in *Raines v. Mercer,* supra, adopted this same principle.

Second, the courts prohibiting suit have concluded that the true basis of the rule of *respondeat superior* is liability and not culpability. *Riser v. Riser, Riegger v. Bruton Brewing Co.,* and *Raines v. Mercer,* supra. In the Maryland decision, the Court takes issue with the criticism of Justice Cardozo in the Schubert case, supra, that to disallow recovery against the husband's employer is to confuse culpability with liability. The Iowa Court, in *Maine v. James Maine & Sons Co.,* supra, put the principle thus:

"(A wife) has no right of action against the employer of her husband for his negligent injury to her person, where any liability of the employer must depend on the liability of the husband." (201 N. W. at page 22).

The reasoning of the Court is that the employee is primarily liable, and it is only because he was acting within the general scope of his employment that the law holds the employer liable. Put in simple context, if the servant is not liable, neither is the master.

Third, the courts disallowing recovery have reasoned that married women's statutes are to be strictly construed and that the Court should not open the field of litigation between spouses in tort actions by means of judicial interpretation without clear legislative action. *Emerson v. Western Seed and Irrigation Co., Riegger v. Bruton*

*Brewing Co.,* and *Sacknoff v. Sacknoff,* supra. In reaching such conclusion, the courts look first to the common law rule of immunity and then to the exceptions, if any, which the legislature has created. This appears to be contrary to the Schubert decision wherein the New York Court looked upon the rule of immunity as an exception to the rights acquired by married women by reason of the married women's laws.

Fourth, the courts have recognized that if the wife can recover, then the employer in turn may recover for the employee's negligent acts, and that this may well bring not only discord to marital or family life, but that the end result would be to diminish the family wealth. *Emerson v. Western Seed and Irrigation Co.* and *Myers v. Tranquility Irrigation Dist.,* supra.

Fifth, the courts have submitted that to allow recovery would open the door to possible fraud upon insurance companies and disrupt family life, both of which are against public policy. *Emerson v. Western Seed and Irrigation Co.,* supra. In *Riegger v. Bruton Brewing Co.,* supra, the Court stated:

"It cannot logically be contended that to permit the action would not result in a disturbance of the family relationship, creating discord and suspicion, which elements are the basis for the common law rule of non-liability." (16 A. 2d at page 102).

It now becomes necessary for this Court to adopt a rule in accordance with the line of reasoning of past Delaware decisions regarding the common law rule of marital immunity and in accordance with the better line of reasoning in the jurisdictions cited above. Because of the specific language of the Plotkin case, supra, and the recent Saunders decision, supra, this Court cannot proceed to reason from any point except the common law. This being the case, the common law rule of immunity cannot be looked upon as an exception to the married women's laws as was set forth by the New York Court in the Schubert case, supra. The precise language of *Plotkin v. Plotkin* cannot be ignored:

"* * * at common law, the legal existence of the wife was merged in that of her husband, and they were termed and regarded as one person in law." (125 A. at page 456).

"Constitutional amendments have been adopted in some states removing, to a certain extent, the common law disabilities of married women and enlarging their property right. The tendency of modern legislation seems to be to remove the incapacity of a married woman, and today there are many statutes on the subject". (125 A. at page 456).

"* * * the tendency of this Court has been to construe statutes of this character strictly and to hold that no other rights are granted than those which are clearly expressed." (At page 458).

The language of *Saunders v. Hill*, supra, affirms this line of reasoning:

"At common law, therefore, the husband was not merely immune from suit by the wife for personal injuries; a cause of action never arose because of the unity of husband and wife." (202 A. 2d at page 808).

"If a change is to be effected in the well-settled public policy of this State, such change must be effected by the Legislature and not by this court."

The reason for the common law rule of immunity cannot be ignored either, for it is the reason behind a rule which makes that rule good law. The common law freedom of the husband from liability to the wife for tortious or negligent injury to her person does not rest, it would seem, upon a lack of remedy or the inability of one spouse to sue the other. It arises out of the very relationship itself, and the incapacity to sue is but an incident to it. It would be more logical to conclude from the Delaware decisions regarding the rule of interspousal immunity that the same reasoning applies to the situation here where the wife attempts to sue her husband's employer based solely upon the negligence of her husband. It cannot be said that the

wife's action would be remote from the common law regard for the relationship of husband and wife, which is the very basis for the rule of immunity in the first place. Further, since the law of Delaware has been to strictly construe married women's statutes and to hold that no other rights are granted but those which are clearly expressed, this Court cannot now liberally construe such rule to allow an action by a wife against her husband's employer.

Plaintiff argues that this suit in no way makes her husband a defendant and that her right is an independent one against an independent defendant. This Court is inclined to follow the logic of thee Maryland decision in *Riegger v. Bruton Brewing Co.,* supra, that the true basis for the doctrine of *respondeat superior* is liability and not culpability. *Respondeat superior* rests upon the doctrine that the wrong of the employee is the act of the employer. If the employee, the immediate actor, cannot be charged with liability for the tort, the principal, the remote actor who had no immediate part in the tort, cannot be held responsible. *D. B. Loveman Co. v. Bayless,* 128 Tenn. 307, 160 S. W. 841 (1913).

Plaintiff here cannot sue her husband directly for his negligent act which caused her injuries. She now attempts to render her husband's employer liable for the act for which her husband, who actually committed the trespass upon her person, is not liable. Thus, truly plaintiff attempts to do indirectly that which she cannot do directly. Defendant cites various Delaware decisions upon the issue of "indirect action": *Ferguson v. Davis,* 9 Terry 299, 102 A. 2d 707 (Del. Super. 1954), where a husband could not be impleaded as a third party defendant in a suit by his wife; *Strahorn v. Sears, Roebuck & Co.,* 11 Terry 50, 123 A. 2d 107 (Del. Super. 1956), where an infant's father could not be made a third party defendant in the infant's suit; *McHugh v. Brown,* 11 Terry 154, 125 A. 2d 583 (1956), where an injured party could not sue a parent under Delaware laws when the guest statute gave immunity to a minor driver; and *Lutz v. Boltz,* 9 Terry 197, 100 A. 2d 647 (1953), where a defendant was estopped from bringing in as third party a guest passenger's host since, under the Uniform Contribution Among Tort Feasors Act, the guest could not have sued the host

directly.

Although plaintiff is correct in contending that none of these cases is directly in point because no one is attempting to make plaintiff's husband a defendant or a third party defendant, nonetheless the basic reasoning of the Delaware courts in disallowing action in the above situations cannot be said to be so far remote from the immediate issue as to have no application, especially since plaintiff's suit here is based solely upon the negligence of her husband and upon the doctrine of *respondeat superior.* It cannot logically be contended either that to permit this action would not result in the disturbance of the family relationship or in the creation of discord, which elements are the very foundation of the common law rule of marital immunity.

The line of reasoning adopted by the Maryland Court in *Riegger v. Bruton Brewing Co.,* supra, and the other jurisdictions disallowing the wife's action, appears to be similar to the rationale of the Delaware decision cited. This Court deems it proper to adopt such rule and finds that in Delaware a wife may not maintain an action against her husband's employer for personal injuries based solely upon the negligence of her husband. Defendant's motion, granted on this basis, dispenses with the necessity of considering the application of Delaware's guest statute.

With reference to defendant's argument of public policy, this Court needs only to repeat the language of *Saunders v. Hill,* supra, where it is said, in discussing the common law regard for the unity of husband and wife and the law of marital immunity, that:

"If a change is to be effected in the well-settled public policy of this State, such change must be effected by the Legislature and not by this court." (202 A. 2d at page 810).

Defendant's motion for summary judgment is granted.