[No. 9766.   Department Two. — December 31, 1886.]

FREDERICK STARKIE, RESPONDENT, *v.* MARY
PERRY, APPELLANT.

PARENT AND CHILD — PERSON STANDING IN LOCO PARENTIS — NECES-
SARIES FURNISHED CHILD — SERVICES OF CHILD. — An uncle who re-
ceives his minor niece into his household as a member of his family
stands towards her *in loco parentis*, and is bound to support and main-
tain her according to his circumstances, and is not entitled to charge her
for the necessary food, clothes, and lodging furnished her, either during
her minority, or afterwards, during the existence of the *quasi* paternal
relation between them. On the other hand, the niece, during the con-
tinuance of such relation, is not entitled to charge her uncle for services
rendered by her in and about his house.

APPEAL from a judgment of the Superior Court of
Marin County.

The facts are stated in the opinion of the court.

*E. S. Lippitt,* for Appellant.

*W. B. Haskell,* for Respondent.

McKEE, J. — In this case the plaintiff, by the allega-
tions in his complaint, admits having received for the

defendant, between the year 1873 and the commencement of the action, the sum of $575 as her portion of the estate of her deceased mother; but he claims to have paid, laid out, and expended for the defendant, between the same times, for the necessary clothing, board, and lodging, a sum of money exceeding that which he received for her, for which, it is alleged, defendant has refused to settle with him; therefore he brought the action in hand to have his account settled and allowed, and to obtain judgment that he be discharged and released from his trust as to the moneys which he received for her.

Upon an answer specifically denying the allegations of the complaint, and setting up a counter-claim for work and labor done by the defendant for the plaintiff at his request, the case was tried, and the court, by its decision, finds that the necessary clothing, board, and lodging of the defendant for the time stated in the complaint were furnished by the plaintiff under the following circumstances, namely:—

In the year 1870 the mother of the defendant died in Marin County, seised and possessed of some real and personal property; and the plaintiff, who was the brother of deceased and the uncle of defendant, was appointed and qualified as administrator of the estate; and while acting in that capacity he took his niece, the defendant, in the year 1873, to live in his home "as a member of his family." At that time the defendant was a minor about fifteen years old; and she continued to live with the plaintiff for about seven years, during which time, the court finds, "she labored constantly, doing housework and helping in the farm work, milking cows, and working in the field," and he "boarded and cared for the defendant, and expended for her for clothing $275.50." The value of her board and lodging was less than the value of her work and labor. How much the one exceeded the other the court does not find; but

it held that the plaintiff was not entitled to recover for the board and lodging of the defendant, but was entitled to recover the value of the clothes furnished her, and for that sum, with interest, judgment was given in favor of the plaintiff and against the defendant.

The appeal is from the judgment. We think the judgment erroneous because, when the defendant became "a member of the family" of her uncle, at his request, the uncle stood toward her *in loco parentis*, and in that relation he was bound in law to support and maintain her according to his circumstances. (Civ. Code, sec. 196.) Her support and maintenance included necessaries of food, clothes, and lodging, for which he could not charge her, as a member of his family, any more than he could charge for such things one of his own children.

And the fact that the defendant continued to be a member of the family after she attained her majority did not change the *quasi* paternal relation existing between herself and her uncle. The relation still continued unless changed by some understanding or contract, express or implied, between herself and her uncle, which brought her under an obligation to pay for her maintenance. But the plaintiff does not claim, and there were no proofs of any contract, expressed or implied, which changed the relation established by the plaintiff himself, between him and his niece, into one of master and servant, or which bound her to pay him for a service he voluntarily assumed to perform for her.

The service rendered by the plaintiff in maintenance of the defendant as a member of his family was gratuitous. So also were the services rendered by the defendant in the home of the plaintiff. No cause of action arises out of gratuitous services; therefore, neither the plaintiff nor defendant had any cause of action against the other to recover for the value of such services.

Admittedly, plaintiff was trustee of the defendant as to the money which he received for her from the estate

of her mother; and as such he must be held to the same
degree of responsibility as if he had been formally ap-
pointed her guardian. In accounting for the fund, he
will not be allowed to avail himself of his fiduciary
character for any object of personal benefit. Hence he
ought not to be allowed for any portion of it which he
may have appropriated as compensation to himself for a
service voluntarily rendered in maintenance of his *cestui
que trust* as a member of his family. For that purpose
the trust fund was not legally chargeable. The court,
therefore, erred in allowing the plaintiff, in the settle-
ment of his trust, the benefit of any portion of the fund
as compensation to himself for clothes furnished to the
defendant in her maintenance as a member of his family.

Judgment reversed, and cause remanded.

THORNTON, J., and SHARPSTEIN, J., concurred.