[No. 12125. In Bank. — December 13, 1887.]

ANNA H. C. L RSEN, RESPONDENT, *v.* H. P. HANSEN, APPELLANT.

PARENT AND CHILD — ILLEGITIMATE CHILD OF STEP-CHILD — SUPPORT BY STEP-FATHER. — In the absence of an express agreement therefor, a husband who receives into his family an illegitimate child of his stepdaughter is not entitled to compensation from its mother for its support.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Wigginton, Creed & Hawes*, for Appellant.

*W. D. Tupper*, for Respondent.

SEARLS, C. J.—This is an action upon a promissory note made by defendant March 1, 1886, for $1,128, with interest at one per cent per month.

Defendant set up as a counterclaim the expenditure of $250 at the instance and request of plaintiff, and a further charge by way of counterclaim of $20 per month for twenty-four months' board and lodging, care, and custody of the infant child of plaintiff.

The cause was tried by the court without a jury. Defendant was allowed $107 for money found to have been laid out and expended by him for plaintiff, and that plaintiff was not indebted to defendant in any sum for the board, or lodging, or care, or custody of her infant child.

Plaintiff had judgment, from which, and an order denying a new trial, defendant appeals.

It appears from the statement that defendant married the mother of the plaintiff when the latter was about the age of twelve years, and that from the date of such marriage plaintiff lived in and as one of the family of defendant for many years, and finally gave birth to an illegitimate child, which has always lived with and been treated as one of defendant's children, but was never legally adopted as such, defendant declining to so adopt it.

There was no agreement or understanding that defendant should receive compensation for the care and support of the child.

Plaintiff, who is now married, lived with defendant in like manner, performing some services in the family, and was subject to no charge for her support.

The consideration of the note upon which suit is brought was money received by plaintiff from the estate of her deceased father, and loaned to defendant.

A parent is bound to support his own children.

"A husband is not bound to maintain his wife's children by a former husband; but if he receives them into his family and supports them, it is presumed that he does so as a parent; and where such is the case, they are not liable to him for their support, nor he to them for their services." (Civ. Code, sec. 209.)

Ordinarily, one who performs services for another may recover therefor, upon the presumption which the law raises of a promise or liability therefor on the part of the person benefited.

In these cases the law presumes the *fact* of the promise

from the services rendered and the benefit arising there-from. It is a conclusion to which the mind readily comes from a knowledge of the particular case, and from the ordinary motives of men in their dealings with their fellow-men; but when the transaction so far departs from the usual practices of men in dealing with each other as to raise a probability that the service was prompted by love and affection, by benevolence or charity, or by any motive other than gain, the implied promise is not indulged.

As a parent may not recover for the support and maintenance of his child, and is not liable for the services of the latter, so one occupying the position of *loco parentis*, in the absence of an express contract, is subject to the same rule.

A man is not legally bound to maintain his nephews and nieces; yet if they lived with him as members of his family, without any contract or understanding that he shall pay for their services, or receive pay for their maintenance, the law will not imply a promise to pay on either side. (*Robinson* v. *Cushman*, 2 Denio, 149; *Andrus* v. *Foster*, 17 Vt. 556; *Fitch* v. *Peckham*, 16 Vt. 150; *Williams* v. *Hutchinson*, 3 N.Y. 312; 53 Am. Dec. 301; *Starkie* v. *Perry*, 71 Cal. 495.)

Under the circumstances detailed in evidence, we are of opinion no implied promise on the part of the plaintiff to pay defendant for the support and maintenance of her child arises, and as no express agreement so to do was proven, the court was warranted in finding in favor of plaintiff on that issue.

The finding on this question is not as full and explicit as is desirable, but is deemed sufficient in substance.

The other questions raised are not important to the decision.

The judgment and order appealed from are affirmed.

THORNTON, J., TEMPLE, J., SHARPSTEIN, J., McKINSTRY, J., and PATERSON, J., concurred.