[S. F. No. 13434. In Bank.—May 29, 1931.]

HOWARD TRUDELL, Respondent, v. C. E. LEATHERBY et al., Defendants; FLORENCE TRUDELL, Appellant.

John Ralph Wilson and Carl E. Day for Appellant.

Leo H. Shapiro, Russel P. Tyler, Arthur T. George, Ira H. Rowell and Roderick B. Cassidy for Respondent.

CURTIS, J.—Plaintiff, a minor, by his guardian, instituted this action to recover damages sustained by him in an automobile accident in which the automobile driven by the defendant Florence Trudell, and in which plaintiff was then riding, ran off or was forced off of the highway and over the embankment, resulting in serious injury to plaintiff. The defendants in the action were Florence Trudell C. E. Leatherby, and the California Agencies, Inc., besides same fictitious persons named as defendants, none of whom enter into the merits of this controversy. The defendant Florence Trudell is and was at the date of the injury to plaintiff the stepmother of the plaintiff. The evidence shows that plaintiff's mother died when he was very young and that thereafter his father married Florence Trudell, and ever since plaintiff could remember she sustained to him the relationship of mother. Plaintiff was at the time of the accident twelve years of age. At the time of the accident he was a member of his father's household and had been such a member during his entire lifetime. Since his father's marriage with his present wife the household consisted of his father, the defendant herein, and the plaintiff, except in later years when two minor children were born to Mr. and Mrs. Trudell. The accident in which the plaintiff was injured occurred while plaintiff was riding with the two minor children above mentioned in the rear seat of the automobile. His father was riding on the front seat with plaintiff's stepmother. The automobile in which they were riding was traveling north on a narrow road in San Mateo County, known as the Ocean Shore Highway. While so traveling they met another machine driven by the defendant Leatherby, and owned by the California Agencies, Incorporated. As the two machines passed each other, the one in which plaintiff was riding was either forced off the highway by the other machine, or the driver thereof in her endeavor to pass the other machine ran the one which she was driving off the highway and down the embankment.

The action was tried before the court with a jury, resulting in a verdict in favor of the plaintiff and against his stepmother, the said Florence Trudell, and against the plaintiff in favor of the two other defendants. From the judgment entered on this verdict, the defendant Florence Trudell appeals. No appeal has been taken by the plaintiff from

the judgment in favor of the defendants, Leatherby and the California.Agencies, Incorporated. So far as this appeal is concerned the controversy is now narrowed down to one between the minor plaintiff and his stepmother, Florence Trudell, the appellant.

The principal point urged by the appellant for a reversal of this judgment is that a minor child cannot recover against its parent for a tort committed by the latter, and that this same rule applies where, although the relationship between them is not that of actual parent and child, one of the parties stands *in loco parentis* to the other.

■ That a minor child, unemancipated by its parents, cannot sustain an action against its parents seems to be well settled by the authorities. "Actions by children against their parents are not to be encouraged, unless to redress clear and palpable injustice, and a minor child has no right of action against a parent for the tort of the latter." (29 Cyc. 1663; see, also, 46 C. J., p. 1324.) To the same effect are the following well considered cases: *Smith* v. *Smith,* 81 Ind. App. 566 [142 N. E. 128]; *Small* v. *Morrison,* 185 N. C. 577 [31 A. L. R. 1135, 118 S. E. 12]; *Matarese* v. *Matarese,* 47 R. I. 131 [131 Atl. 198, 42 A. L. R. 1360]; *Elias* v. *Collins,* 237 Mich. 175 [52 A. L. R. 1118, 211 N. W. 88]; *Wick* v. *Wick,* 192 Wis. 260 [52 A. L. R. 1113, 212 N. W. 787]; *Ciani* v. *Ciani,* 127 Misc. Rep. 304 [215 N. Y. Supp. 767]; *Mannion* v. *Mannion,* 3 N. J. Misc. Rep. 68 [129 Atl. 431]; *Damiano* v. *Damiano,* 6 N. J. Misc. Rep. 849 [143 Atl. 3]; *Mesite* v. *Kirchenstein et al.,* 109 Conn. 77 [145 Atl. 753]; *Zutter* v. *O'Connell,* 200 Wis. 601 [229 N. W. 74].

The reason of the rule which deprives a minor child of a right of action against the parent for the tort of the latter is that proceedings of that nature tend to bring discord into the family and disrupt the peace and harmony of the household.

"It is well established that a minor child cannot sue his parent for a tort. The peace of society, and of the families composing society, and a sound public policy, designed to subserve the repose of families and the best interest of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent." (20 R. C. L. 631.)

"Any proceeding tending to bring discord into the family and disorganize its government may well be regarded as contrary to the common law, and not to be sanctioned by the courts. Such conflict would arise by recognizing the right of a minor to bring his personal action against the father to recover damages for torts alleged to have been committed by the father in the course of the family relation and resulting in personal injury to the child." (*Matarese* v. *Matarese, supra.*)

The next question presented for our determination is as to the applicability of the above rule to persons who do not sustain the actual relation of parent to minors in their families, but who by reason of the fact that such minors have become members of their household stand *in loco parentis* to said minors. It appears to be well settled that a stepparent merely by reason of such relationship to his stepchild does not stand *in loco parentis* to such stepchild. (*In re Harris,* 16 Ariz. 1 [Ann. Cas. 1916A, 1175, 140 Pac. 825], *Rockwood* v. *Rockwood,* 65 Utah, 261 [236 Pac. 457], and *Treschman* v. *Treschman,* 28 Ind. App. 206 [61 N. E. 961].)

In 29 Cyc., page 1667, the law upon this subject is stated to be: "A stepfather does not, merely by reason of the relation, stand *in loco parentis* to his stepchild; but where the stepfather received the stepchild into his family and treats it as a member thereof, he stands in the place of the natural parent, and the reciprocal rights, duties, and obligations of parent and child continue as long as such relation continues." (See, also, 46 C. J. 1338.)

As to the rights, duties and obligations of one standing *in loco parentis* this court has on several occasions expressed its views. In *Starkie* v. *Perry,* 71 Cal. 495 [12 Pac. 508], quoting from the syllabus it was held that, "An uncle who receives his minor niece into his household as a member of his family stands towards her *in loco parentis,* and is bound to support and maintain her according to his circumstances, and is not entitled to charge her for the necessary food, clothes, and lodging furnished her, either during the minority or afterwards, during the existence of the *quasi* paternal relation between them. On the other hand, the niece, during the continuance of such relation, is not entitled to charge her uncle for services by her in and about his house." In *Larsen* v. *Hansen,* 74 Cal. 320 [16 Pac. 5, 6], we find the law stated in the following terms, "As a parent may not recover

for the support and maintenance of his child, and is not liable for the services of the latter, so one occupying the position of *loco parentis*, in the absence of an express contract, is subject to the same rule." Similar statements of the law will be found in *McKay* v. *McKay*, 125 Cal. 65 [57 Pac. 677], and in *Buelke* v. *Levenstadt*, 190 Cal. 684 [214 Pac. 42]. In the last-named case this court expressed itself as follows: "It is the well-settled law that one standing *in loco parentis* to those held out as members of his family is entitled to all the rights of a parent. He also incurs the same liability with respect to them that he is under to his own children. The relation being established, the reciprocal rights, duties, and obligations pertaining to it arise between them the same as if he was their natural father." As to the law generally upon this subject it is epitomized in 46 Corpus Juris, pages 1334, 1335, as follows: "A person standing *in loco parentis* to a child is one who has put himself in the situation of a lawful parent by assuming the obligations incident to the parental relation, without going through the formalities necessary to legal adoption, and the rights, duties, and liabilities of such person are the same as those of the lawful parent." An apt statement of this rule is found in *Young* v. *Hipple*, 273 Pa. St. 439 [25 A. L. R. 1541, 117 Atl. 185], in the following words: "Upon a consideration of the decisions in other branches of the law, it appears that, where one stands *in loco parentis* to another, the rights and liabilities arising out of the relation, are, as the words imply, *exactly the same* as between parent and child."

The facts in this case plainly and conclusively show that the defendant Florence Trudell stood in the relation of *loco parentis* to the plaintiff, Howard Trudell. His mother died when he was quite young and his father married Florence Trudell when the boy was so young he could not remember the event. We gather from the evidence that ever since this marriage the plaintiff has lived with his father and stepmother in their home, and was treated and regarded by his stepmother as her own child, and in turn he regarded his stepmother as his own mother, In fact he testified that she was the only mother he ever knew. They were to all intents and purposes mother and son. If so, she owed to him the same duty that she owed to her own children, and she, in regard to him, possessed the same rights as she had toward her own children. One of these rights was and is to be protected

against any action in tort which might be instituted against her by a minor child. This conclusion seems to us to be the only one that can be reasonably drawn from the authorities upon the subject. This conclusion also appears to accord with the reason given for the rule declaring it to be against public policy to permit a minor child to bring a suit in tort against its parent. As already seen such actions tend to bring discord into the family and to disrupt the peace and harmony which should exist between the members of the same household. The same vexatious conditions created in the family circle by litigation between parent and child, would result from like litigation instituted by a minor against the stepfather or stepmother when the minor has been taken into and is a member of the household of the latter. We can see no good reason why we should apply the rule in one case and deny its application in the other. If the reason for its application in one instance is sound, it must be equally so in the other, as the conditions brought about by the violation of this rule are the same in each instance. We are, therefore, constrained to hold that the plaintiff in this action cannot maintain this action against the defendant, Florence Trudell, for the injury sustained by him by reason of her negligence. It follows that the judgment in plaintiff's favor must be reversed, and it is so ordered, and the action is dismissed.

Langdon, J., Richards, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.