# LONDON GUARANTEE & ACCIDENT COMPANY, LTD., v. HARRY F. SMITH.[1]

May 21, 1954.

No. 36,187.

---

[1]Reported in 64 N. W. (2d) 781.

212

*Mordaunt & Mordaunt,* for appellant.
*Freeman, Larson & Peterson* and *Thomas J. Burke,* for respondent.

MATSON, JUSTICE.

Appeal from a judgment awarding plaintiff-insurer $3,967.25 in an action for contribution.

Whether this suit for contribution lies against the defendant depends on the basic question whether a suit by an unemancipated minor against his stepfather for damages for tortious negligence is barred on the theory that the stepfather, under the circumstances here existing, stands *in loco parentis* to such minor.

This suit arises out of an automobile accident which occurred on April 22, 1948. Involved in the collision were two cars, one driven by John A. Owens and the other by Ethel M. Smith, wife of the defendant herein. Riding with Mrs. Smith were three of her children, one being a child by her former husband. As a result of the collision Owens sued defendant and his wife (Mr. and Mrs. Smith) and they in turn counterclaimed. Owens's claim was settled for $975 and he in turn dismissed his action and executed a release. The counterclaims were, however, retained and set for trial. Shortly before the release was signed, actions were begun against Owens by Mr. Smith on behalf of his two natural children, and by Mrs. Smith on behalf of the third child, Douglas Stoffels, the child of her former husband. These suits were consolidated for trial with the counterclaims, and the jury returned verdicts in favor of Owens on the counterclaims by the Smiths, and against Owens in the suits by

the three children. Owens's insurer, the plaintiff here, paid these judgments and commenced this action against Mr. Smith demanding that he contribute half of the judgment entered in favor of Douglas Stoffels.

The trial court specifically found that the defendant did not at the time of the accident, or at the time when this contribution action was tried, stand "in loco parentis" to said minor, Douglas Stoffels, and therefore concluded that plaintiff-insurer was entitled to judgment. Defendant appeals from the judgment.

The undisputed facts upon which defendant rests his claim to an "in loco parentis" relation with his unemancipated and unadopted minor son of his wife by her former marriage are as follows:

In November 1944 defendant married Mrs. Smith who then had five children (including Douglas) by a former marriage. Since the marriage, defendant has fathered two children of his own. One of the Stoffels' children is now in the navy and another is married, while the remaining three have at all times been members of the Smith household. Douglas, who was 12 years old when defendant married his mother, has been permitted to retain the surname of his true father, but in all other respects he has been treated in the same manner as defendant's natural children. Ever since said marriage and up until the time of the accident, nearly three and one-half years later, defendant has provided Douglas with a home, food, clothing, spending money, schooling, and parental guidance and companionship in the same manner and to the same extent as for his natural children. In short, although no adoption has taken place, defendant has treated Douglas as a father would his own child and has given him complete care. Douglas, who calls defendant his "dad," has reciprocated by being helpful in the performance of family tasks. When defendant built a new family home, the whole family, including Douglas, helped with the construction work. Since the accident and until the time of the trial of the contribution action, the same relationship has continued. Douglas has worked occasionally since the accident but not steadily because of the injuries which he received. At all times, however, he has lived at

214

home, and defendant has continued to provide him with room, board, and clothes. At the time of the trial Douglas was 19 years old.

■ Although the instant case does not involve a direct negligence action for personal injuries by a minor against his stepparent, nevertheless, the basic issue of whether such an action lies arises, since common liability is the very essence of the action of contribution. A person compelled to discharge a liability for a tort cannot recover contribution from a joint tortfeasor who with respect to such tort is immune from an action in negligence brought by the injured party. American Auto. Ins. Co. v. Molling, 239 Minn. 74, 57 N. W. (2d) 847, and authorities therein cited. See, Belleson v. Skilbeck, 185 Minn. 537, 242 N. W. 1.

■ An unemancipated minor[2] is barred from maintaining an action against his parent for damages for personal[3] injuries arising from simple[4] negligence.[5] This is the majority rule.[6] The proclaimed basis of the rule is that sound public policy forbids such actions as being inimical to the preservation of domestic tranquility

[2]A minor child barred from an action for tortious negligence against his parents, cannot maintain such action when he later becomes emancipated or becomes of age. See, Miller v. Pelzer, 159 Minn. 375, 199 N. W. 97, 33 A. L. R. 678; Annotation, 19 A. L. R. (2d) 423, 434, 438.

[3]The rule has no application with respect to contracts, wills, or other property rights. See, Prosser, Torts, § 99, pp. 905 to 907; 15 Minn. L. Rev. 126; 39 Am. Jur., Parent and Child, §§ 88 and 89.

[4]For cases not based on tortious negligence, such as fraud, wilful or malicious acts, or excessive and unnecessary punishment, see Prosser, Torts, § 99, pp. 905 to 907; Annotation, 19 A. L. R. (2d) 423, 429, 451 to 462; 5 Dunnell, Dig. & Supp. § 7308; 24 Mich. L. Rev. 597; 8 Minn. L. Rev. 71. In Miller v. Pelzer, 159 Minn. 375, 199 N. W. 97, 33 A. L. R. 678, involving foster parents, the court denied recovery on the ground that the wilful and intentional acts alleged did not constitute fraud.

[5]For applications of this rule, see Taubert v. Taubert, 103 Minn. 247, 114 N. W. 763; Lund v. Olson, 183 Minn. 515, 237 N. W. 188; Belleson v. Skilbeck, 185 Minn. 537, 242 N. W. 1; cf. Miller v. Pelzer, 159 Minn. 375, 199 N. W. 97, 33 A. L. R. 678.

[6]Annotations, 19 A. L. R. (2d) 423, 439, 122 A. L. R. 1352, 71 A. L. R. 1071, 31 A. L. R. 1157; Prosser, Torts, § 99, pp. 905 to 907; 8 Minn. L. Rev. 71; 15 Minn. L. Rev. 126; 16 Minn. L. Rev. 323.

and parental discipline.[7] The rule is so strongly entrenched in this jurisdiction that an unemancipated minor cannot sue his parent for tortious negligence even though such parent is protected from financial harm by liability insurance.[8]

■ Is the immunity of a parent from a personal injury action by an unemancipated minor to be extended to a stepfather on the theory that, under the circumstances here existing, he stands "in loco parentis"?

"The term 'in loco parentis', according to its generally accepted common-law meaning, refers to a person who has put himself in the situation of a lawful parent by assuming the obligations incident to the parental relation without going through the formalities necessary to legal adoption and embodies the two ideas of assuming the parental status and discharging the parental duties."[9]

■ If a stepfather has voluntarily assumed all the obligations and beneficent attitudes of a natural parent toward an unemancipated minor child, it is difficult to understand why he should be denied any of the immunities from suit accorded for reasons of public policy to a natural parent. The California supreme court in Trudell v. Leatherby, 212 Cal. 678, 683, 300 P. 7, 9, pointed out that:

"* * * The same vexatious conditions created in the family circle by litigation between parent and child, would result from like litigation instituted by a minor against the stepfather or stepmother when the minor has been taken into and is a member of the household of the latter. We can see no good reason why we should apply the rule in one case and deny its application in the other. If the

[7]See, Miller v. Pelzer, 159 Minn. 375, 199 N. W. 97, 33 A. L. R. 678; 8 Minn. L. Rev. 71; 15 Minn. L. Rev. 126.

[8]Lund v. Olson, 183 Minn. 515, 237 N. W. 188; 16 Minn. L. Rev. 323; Prosser, Torts, § 99, pp. 907 to 908; cf. Dunlap v. Dunlap, 84 N. H. 352, 150 A. 905, 71 A. L. R. 1055.

[9]Quoted from syllabus in Bearhart v. United States (D. Minn.) 82 F. Supp. 652; see, Niewiadomski v. United States (6 Cir.) 159 F. (2d) 683; 39 Am. Jur., Parent and Child, § 62.

reason for its application in one instance is sound, it must be equally so in the other, as the conditions brought about by the violation of this rule are the same in each instance."[10]

Clearly, the interests of society require peace and discipline in a home presided over by a faithful and devoted stepparent as well as in a natural home. In Cowgill v. Boock, 189 Ore. 282, 305, 218 P. (2d) 445, 455, 19 A. L. R. (2d) 405, Mr. Justice Rossman in a concurring opinion aptly said:

"Immunity is accorded the parent, not because he is a parent, but because, as a parent, he pursues a course within his household which society exacts of him and which is beneficial to the state. Society expects parents to keep the home in order, to preserve within it domestic tranquility, to see to it that the children go to school and that they deport themselves properly in the neighborhood. The parental non-liability is not granted as a reward, but as a means of enabling the parents to discharge the duties which society exacts."

In 39 Am. Jur., Parent and Child, § 90, it is accurately said:

"There seems to be some conflict of authority on the question of the right of a child to maintain a suit for a personal tort as against an adoptive parent, *a stepparent,* or one standing in loco parentis. Suits of this kind have been sustained in several cases, *but in all of them the cause of action appears to have been based upon some type of deliberate or malicious wrong or cruel and inhuman treatment,* and, even in such a case, some courts hold that the child cannot maintain the suit. It is doubtful whether such suits could be maintained for ordinary negligence." (Italics supplied.)[11]

Whatever may be said of the merits of the rule which bars a personal injury action in ordinary negligence by an unemancipated minor against his parent—and it has been criticized effectively by respectable authorities[12]—; as long as it stands unchanged there

[10]See, 20 Calif. L. Rev. 342.

[11]See, 32 Marquette L. Rev. 289, 290.

[12]See, Prosser, Torts, § 99, pp. 905 to 908; 8 Minn. L. Rev. 71; 15 Minn. L. Rev. 126; 16 Minn. L. Rev. 323.

is no justification for refusing to apply the rule to stepparents who genuinely stand *in loco parentis* to the child of a spouse by a former marriage. It does indeed seem contrary to public policy to discourage a stepfather from voluntarily assuming the unselfish, *in loco parentis* position to a child in need of parental care. We therefore hold that the rule which bars an unemancipated minor from maintaining an ordinary negligence action against his parent for damages for personal injuries applies to a stepparent who stands *in loco parentis* to a minor child.[13]

■ Whether a stepparent stands *in loco parentis* to a minor child is primarily a question of intent to be determined in the light of the circumstances peculiar to each case.[14] In the case at bar all the facts indicate that defendant actually stood *in loco parentis* to his stepson, Douglas Stoffels. In fact there is no evidence to the contrary. Upon the record the evidence is conclusive and we are compelled to hold that the defendant stood *in loco parentis* to such minor child so as to bar the suit for contribution. The trial court's memorandum indicates that it found as it did because it did not feel free as a trial court to extend the rule of immunity to a stepparent.

In view of our holding it will be unnecessary to consider the issue involving the effect of the release executed by the parties.

The judgment of the trial court is reversed.

Reversed.

---

[13]See, Miller v. Pelzer, 159 Minn. 375, 199 N. W. 97, 33 A. L. R. 678, wherein this court declared that the public policy of protecting the unity of the home from suits by an unemancipated minor against his parent is equally applicable where the home is provided by foster parents.

[14]39 Am. Jur., Parent and Child, § 62; see, Lufkin v. Harvey, 131 Minn. 238, 154 N. W. 1097, L. R. A. 1916B, 1111, Ann. Cas. 1917D, 583, as to related problem of emancipation.