RICHARD BRICAULT ET AL. *v.* ROMEO DEVEAU

SUPERIOR COURT HARTFORD COUNTY FILE No. 119084

Memorandum filed January 13, 1960

*RisCassi & Davis,* of Hartford, for the plaintiffs.

*Danaher, Lewis & Tamoney* and *Day, Berry & Howard,* of Hartford, for the defendant.

PHILLIPS, J. The demurrer to paragraph 2 of the special defense raises the question whether the plaintiff can sue his stepfather in a negligence action. It is universal law that a parent is not liable civilly to his minor unemancipated child in such an action. *Mesite* v. *Kirchenstein,* 109 Conn. 77, 82. The reason for the rule is that to permit such suits would tend to undermine family unity, bring discord into the family, weaken its government and disturb its peace.

These reasons are as applicable to a stepfather who stands in loco parentis to a stepson as they are to the father-son relationship. "In loco parentis" refers to a person who has put himself in the situation of a lawful parent by assuming the obligations incident to the parental relation without going through the formalities necessary to legal adoption, and embodies the two ideas of assuming the parental status and discharging the parental duties. *London*

*Guarantee & Accident Co.* v. *Smith,* 242 Minn. 211, 215. Whether a step-parent stands in loco parentis is primarily a question of intent to be determined in the light of the circumstances peculiar to each case. Id.

An unemancipated minor, therefore, cannot maintain an ordinary negligence action for damages for personal injuries against a step-parent who stands in loco parentis to the minor. *London Guarantee & Accident Co.* v. *Smith,* supra, 214. *Trudell* v. *Leatherby,* 212 Cal. 678, 681; 67 C.J.S. 787, 789.

The defendant should have an opportunity under his special defense to prove that the defendant stands in loco parentis to the plaintiff. The demurrer to paragraph 2 of the special defense is overruled.