74 N.J. Super. 414 (1962)
181 A.2d 417
CHRISTINE WILKINS, INDIVIDUALLY, AND AS GUARDIAN AD LITEM OF KATHERINE MARSH, AN INFANT, AND CLAUDE WILKINS, PLAINTIFFS,
v.
JOSEPH J. KANE, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided May 16, 1962.
*415 Mr. Francis J. O'Dea appeared for plaintiffs (Messrs. Gaffey and Webb, attorneys).
Mr. Edward R. Gavarny appeared for defendant (Messrs. Lynch and Gavarny, attorneys).
HALPERN, A.J.S.C.
The undisputed facts indicate that the six year old infant plaintiff, Katherine Marsh, was injured while riding as a passenger in her grandmother's car when it collided with a car owned and operated by the defendant, Joseph J. Kane. At the time of the accident Katherine had been abandoned by her parents and she was living at the home of her grandparents, the plaintiffs, Christine and Claude Wilkins, and being supported by them. No adoption proceedings, however, had ever been instituted by the grandparents.
The infant, by her grandmother as guardian ad litem, and her grandparents individually, instituted suit against the defendant Kane charging him with responsibility for the accident. Kane filed an answer denying liability and in his answer cross-claimed against the grandmother, Christine Wilkins, seeking contribution under the Joint Tortfeasors Act, N.J.S. 2A:53A-1. The present motion is made by the grandmother to strike the cross-claim for contribution based upon the doctrine in Hastings v. Hastings, 33 N.J. 247 (1960).
The issue presented is whether an unemancipated infant, who lives with her grandparents, may sue her grandmother for injuries resulting from the grandmother's negligence, where the grandparents are the sole support of the abandoned infant. If such suit is maintainable by the infant, then the cross-claim by the defendant is proper; if not, then the motion to strike the cross-claim should be granted. See Chosney v. Konkus, 64 N.J. Super. 328 (Law Div. 1960).
The philosophy of the majority in Hastings was to deny to an unemancipated infant, living at home, the right to *416 sue its natural parents for personal injuries arising out of negligence, because of the principles of public policy involved. The court was of the opinion that to permit it would have a tendency to break up the family unity, it would promote family discord, and might possibly result in collusive actions between parents and children. Unfortunately, in the instant case, the infant's home has already been broken up, and there is no family unit to preserve. While the grandparents presently stand in loco parentis to the infant, and are furnishing her with a home and the necessities of life, such may be discontinued by the grandparents at any time. In addition, the infant's natural parents may be reconciled in the future and the infant plaintiff restored to their custody.
I am of the opinion that the doctrine enunciated in Hastings should not be extended to cover the factual situation existing in the present case. The motion to strike the cross-claim for contribution is denied.