Sharon Lee WOODEN, by her mother and next friend, Mary E. Hale, Plaintiff in Error,

v.

Enoch HALE, Defendant in Error.

No. 41277.

Supreme Court of Oklahoma.

March 14, 1967.

Rehearing Denied April 11, 1967.

Paul Pugh and Al Pugh, Oklahoma City, for plaintiff in error.

Rhodes, Hieronymus, Holloway & Wilson, by William H. Wilson, Oklahoma City, for defendant in error.

HODGES, Justice.

The parties will be referred to as they appeared in the trial court. Plaintiff, Sharon Lee Wooden, a seventeen year old girl, sustained serious injuries while riding as a passenger in a Ford station wagon, owned and driven by her stepfather, defendant, Enoch Hale. Sharon Lee Wooden, by her mother and next friend, Mary E. Hale, sued her stepfather, Enoch Hale, for injuries sustained in the accident alleging that the accident was caused by the ordinary negligence of Enoch Hale. The trial court sustained the motion of the defendant for judgment on the pleadings, and the plaintiff appeals.

This court in Tucker v. Tucker, Okl., 395 P.2d 67, held:

"A minor child may not recover damages from a parent for personal injuries suffered while unemancipated as a result of said parent's ordinary negligence in the operation of an automobile in which the child was riding as a guest passenger; * * *."

Tucker v. Tucker has been affirmed by recent decisions of this court in Hampton v. Clendinning, Judge, Okl., 416 P.2d 617, and Hill v. Graham, Judge, Okl., 424 P.2d 35.

In Tucker v. Tucker, supra, the court referred to an extended note in 19 A.L.R.2d 423, and supplement, stating that the rule declared therein was in accord with the decision of about thirty-five states. Further research reflects that there has been no departure from the rule subsequent to that decision, and that several states have adhered to previous decisions affirming the rule in later cases. Among the more recent decisions sustaining the rule are: Mroczynski v. McGrath, 34 Ill.2d 451, 216 N.E.2d 137 (Mar., 1966); Downs v. Poulin, Me., 216 A.2d 29 (Jan., 1966); First Union Nat'l Bank of North Carolina v. Hackney, 266 N.C. 17, 145 S.E.2d 352 (Dec., 1965); Teramano v. Teramano, 6 Ohio St.2d 117, 216 N.E.2d 375 (Apr., 1966).

There are cases modifying the rule under certain specific circumstances. A father in some instances may be held liable if his acts are malicious or criminal. Likewise in some instances a father has been held liable where, in addition to the relationship of parent and child, he and the child occupy the business relationship of employer and employee. None of these exceptions are applicable to the present case.

The sole question for determination in this appeal is: Does the rule declared in Tucker v. Tucker, supra, apply to an action wherein a stepdaughter seeks to recover damages for the alleged ordinary negligence of her stepfather.

The relationship between stepfather and stepdaughter in this state is outlined in 10 O.S.1961, § 15, as follows:

"A husband is not bound to maintain his wife's children by a former husband; *but if he receives them into his family and supports them, it is presumed that he does so as a parent,* and where such is the case, they are not liable to him for their support, nor he to them for their services." (Emphasis ours.)

In construing the above statute the court in Barker v. Barker, 25 Okl. 48, 105 P. 347, 26 L.R.A.,N.S., 909, said:

"* * * A stepfather, at common law, was not merely by virtue of his marriage, under any obligations to support the children of his wife by a former husband. 29 Cyc. p. 1668. Nor was he, either at common law or under a statute similar to ours, required, merely by reason of the fact of his marriage to the mother, to receive into his home her children by a former husband. He is neither entitled to their custody nor to their earnings, and there is no reciprocal obligation to maintain them; but, *where he does admit them into his family and assumes the relationship of parent, the reciprocal rights, obligations, and duties of parent and child attach,* and continue as long as this relationship exists. * * *" (Emphasis ours.)

In Daniel v. Tolon, 53 Okl. 666, 157 P. 756, 4 A.L.R. 704, the rule is stated in the syllabus as follows:

"A husband, who receives into his family and supports his wife's child by a former marriage, will be presumed to have done so as a parent; and where such is the case, said child is not liable to him for its support."

The weight of authority is that an unemancipated stepchild occupies the same legal status as a natural child and cannot maintain an action for ordinary negligence against a stepparent. Trudell v. Leatherby, 212 Cal. 678, 300 P. 7; Gillett v. Gillett, 168 Cal.App.2d 102, 335 P.2d 736; Bricault v. Deveau, 21 Conn.Sup. 486, 157 A.2d 604; London Guarantee & Accident Co. v. Smith, 242 Minn. 211, 64 N.W.2d 781; Reingold v. Reingold, 115 N.J.L. 532, 181 A. 153; Rutkowski v. Wasko, 286 App.Div. 327, 143 N.Y.S.2d 1; McKelvey v. McKelvey, 111 Tenn. 388, 77 S.W. 664, 64 L.R.A. 991. In London Guarantee & Accident Co. v. Smith, 242 Minn. 211, 64 N.W.2d 781, the court said:

"An unemancipated minor is barred from maintaining an action against his parent

for damages for personal injuries arising from simple negligence. This is the majority rule. * * *

"If a stepfather has voluntarily assumed all the obligations and beneficent attitudes of a natural parent toward an unemancipated minor child, it is difficult to understand why he should be denied any of the immunities from suit accorded for reasons of public policy to a natural parent. * *

"Clearly, the interests of society require peace and discipline in a home presided over by a faithful and devoted stepparent as well as in a natural home. * * * "

Plaintiff places considerable reliance upon the case of Wilkins v. Kane, 74 N.J. Super. 414, 181 A.2d 417, wherein a child abandoned by its parents and living with its grandparents was held to possess the right to maintain a cause of action against the grandmother for injuries sustained as the result of the negligent operation of an automobile by the grandmother. In sustaining the right of the plaintiff to maintain the action the court pointed out that "the infant's home [had] already been broken up" and that the living arrangement with the grandparents was temporary as the parents might reconcile their difficulties and the custody of the child be restored to them. The case is not applicable here.

It is admitted by the pleadings that at the time of the accident the plaintiff, Sharon Lee Wooden, was living in the family home with her mother, Mary E. Hale, and her stepfather, Enoch Hale, and was being supported and maintained as a member of the family by her stepfather. Plaintiff recites in her brief that at the time of the accident she was on a Christmas shopping trip with her stepfather and her stepsister and they were buying groceries, and were returning to their home. The relationship between the stepdaughter and the stepfather in this case was the same as that of parent and child. Daniel v. Tolon, supra; Barker v. Barker, supra. There is no good reason for applying the immunity rule to parents and not to stepparents who stand *in loco parentis* to the minor child.

The trial court correctly sustained the motion of the defendant for judgment on the pleadings dismissing the action. The judgment of the trial court is affirmed.

All Judges concur.