[Civ. No. 29346. First Dist., Div. Three. Apr. 12, 1972.]

CALIFORNIA STATE AUTOMOBILE ASSOCIATION, INTER-INSURANCE BUREAU, Plaintiff and Respondent, v.
EDWARD JACOBSON, Individually and as Special Administrator, etc.,
Defendant and Appellant.

852

## COUNSEL

Robert E. Hannon for Defendant and Appellant.

Hutchins & Jackson and Robert W. Yank for Plaintiff and Respondent.

## OPINION

**DRAPER, P. J.**—This appeal raises an issue not previously determined in this state—whether a stepfather can maintain an action for damages for the wrongful death of his stepdaughter.

The only record here is the judgment roll, but appellant's brief makes a statement of facts in which respondent concurs. Geraldine Gehrt was born in 1923. Her father died in 1936, and later that year her mother married appellant, who never adopted Geraldine. For some years, she lived with her mother and stepfather. The latter provided her care and support, and put her through nursing school. About 1957, Geraldine, who never married, left the family residence and lived by herself. Her mother died in 1966. In December 1967, she drove, with the owner's consent, an automobile owned by Nevada Ware. That car collided with one driven by an uninsured motorist and Geraldine died as a result of the injuries she sustained. There is no claim that she left a will. Ware was insured by plaintiff-respondent under a policy which provided uninsured motorist coverage (Ins. Code, § 11580.2). Defendant stepfather was appointed special administrator of Geraldine's estate, and as such brought an action for wrongful death against Ware and others. Plaintiff, as insurer of the Ware car, brought this action in declaratory relief, seeking determination of its liability, under the uninsured motorist provision of its policy, to defendant stepfather. The trial court found that defendant was not an "heir" within the meaning of the wrongful death act (Code Civ. Proc., § 377) and that Geraldine left no heir. Hence it declared that defendant, whether individually or as special administrator, could not recover from plaintiff insurer. Defendant appeals.

 The right of action for wrongful death is wholly a creation of statute, and only the person to whom the right of action is given by statute may sue under it (*Fuentes* v. *Tucker,* 31 Cal.2d 1, 9 [187 P.2d 752]). Although the code (§ 377) authorizes an action by the personal representative of the decedent, it has long been established that he but acts as a statutory trustee for the heirs, and that if there be no heir, there is no right of action in the personal representative (e.g., *Webster* v.

*Norwegian Mining Co.,* 137 Cal. 399 [70 P. 276]; *Estate of Bright* v. *Western Air Lines,* 104 Cal.App.2d 827 [232 P.2d 523]).

"Heirs" within the meaning of the wrongful death statute, are those who would succeed to the estate in case of intestacy by virtue of our statutes of succession. (*Kunakoff* v. *Woods,* 166 Cal.App.2d 59, 62-63 [332 P.2d 773], and cases there cited). It follows that the Probate Code provisions for succession are the sole sources for designation of "heirs" (*id.* at p. 63).

But California's statutes of succession make provision only for parents, and do not mention stepparents (Prob. Code, § § 223, 225). There is a specific statutory requirement (Prob. Code, § 257) that an adopted child be deemed a descendant, "the same as a natural child" for all purposes of succession. This but emphasizes that the law of succession does not treat a stepchild, in the absence of adoption, as a child for purposes of succession, whether to or from the stepparent. A stepchild does not take by succession from the estate of the stepparent (*Estate of Lima,* 225 Cal.App.2d 396 [37 Cal.Rptr. 404]) and we cannot distinguish the situation of the stepparent seeking to succeed to the estate of his stepchild.

Appellant's reliance upon decisions under the inheritance tax statute (*Loomis* v. *State of California,* 228 Cal.App.2d 820 [39 Cal.Rptr. 820]; *Estate of Teddy,* 214 Cal.App.2d 113 [29 Cal.Rptr. 402]) is misplaced. The statute there involved provides that a "Class A donee" includes a devisee taking from a decedent who had stood in "the mutually acknowledged relationship of parent" to the devisee, and no similar provision of the law of succession exists. Nor is he aided by the decision (*Starkie* v. *Perry,* 71 Cal. 495 [12 P. 508]; *Trudell* v. *Leatherby,* 212 Cal. 678 [300 P. 7], overruled on other grounds by *Gibson* v. *Gibson,* 3 Cal.3d 914 [92 Cal.Rptr. 288, 479 P.2d 648]), which emphasize that a stepchild and stepparent fall within the "in loco parentis" class. These cases deal solely with the rights of such parties during their lifetimes, and in no way purport to define rights of succession.

We do not pass upon appellant's argument that policy considerations favor treating the relation of stepparent and stepchild like that of natural parent and child. That argument must be addressed to the Legislature, and not to the courts.

Judgment affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.