**Lorene WORKMAN, individually, et al., Appellant,**

**v.**

**James Washington WORKMAN, Appellee.**

**No. 43434.**

Supreme Court of Oklahoma.

May 9, 1972.

Rehearing Denied July 18, 1972.

Loren McCurtain, McAlester, for appellant.

Leon G. Belote, McAlester, for appellee.

DAVISON, Vice Chief Justice.

This action was filed by appellant, Lorene Workman, individually, and on behalf of Lorene Workman, as mother and natural guardian of Lorie Huff, a minor child, and Lorene Workman, as surviving mother and next of kin of Leona Marie Huff, deceased minor child, and Norma Lee Huff, deceased minor child, against James Washington Workman, appellee, husband of Lorene Workman, and the stepfather of Lorie Huff, a minor, and Leona Marie Huff and Norma Lee Huff, the two deceased minor children.

The action was for damages against appellee for the alleged negligent driving of his pick-up truck in which Lorene Workman and the three stepdaughters above named were passengers, causing an accident in which Leona Marie Huff and Norma Lee Huff were killed and Lorie Huff received certain personal injuries.

The accident occurred soon after dark when appellee's pickup truck struck the side of a parked automobile which caused him to collide with an oncoming car, thus causing the injuries and deaths involved herein.

That the parties were on a pleasure trip and the evidence disclosed that appellee was driving at a slow rate of speed. He was charged with ordinary negligence.

At the conclusion of all the evidence offered by appellant in her respective capacities in support of her petition, the trial court sustained a demurrer to the evidence insofar as the three minor children were involved on the theory that appellee was standing in loco parentis to the minor children; that the unemancipated minors, under the evidence, could not maintain the action against the appellant-stepfather. This appeal results from such ruling.

The decisive question to be determined is whether the appellee was standing in loco parentis under the evidence and applicable law to be applied thereto.

In order to decide this question a summary of the evidence becomes necessary.

The evidence discloses that the mother of the three minors and appellee had been married for over two years before the accident in question occurred; that upon their marriage the unemancipated minors, with their mother, moved into the unencumbered home of the stepfather and were living with him at the time of the accident; that the children called appellee "Dad" or "Daddy;" that the appellee furnished the home to the mother and the children without cost to them; that appellee would obtain jobs, usually fence repairing or building, and the children and their mother worked with appellee on said jobs and they were all paid equally for their work; that both the mother and appellee would buy groceries for the entire family; that they all ate together as a family; that family bills were paid jointly out of the family moneys obtained from the family work; that they all lived under the same roof with no rent to pay; that they lived like a normal family with husband and wife both working to pay the bills.

It is true that the three minors collectively drew $170.00 per month as Social Security payments derived from the benefits of their deceased father. This amount was insuffcient to pay the full amount of their support. The Social Security checks were made payable to the mother but she had no bank account.

■■ The term in loco parentis is described in 67 C.J.S. Parent and Child § 71, as follows: "The term 'in loco parentis' means in the place of a parent, and a 'person in loco parentis' may be defined as one who has assumed the status and obligations of a parent without a formal adoption."

In the case of Wooden v. Hale, Okl., 426 P.2d 679, we held that the unemancipated stepchild occupies the same legal status as a natural child and cannot maintain an action for ordinary negligence against a stepparent, citing and relying on Title 10 O.S. 1961, § 15, which provides that if the stepfather receives them into his family and supports them it is presumed he does so as a parent.

■ In the present case the mother and stepfather both helped in the support of the minor children.

In Tucker v. Tucker, Okl., 395 P.2d 67, we held that a minor child may not recover damages from a parent for personal injuries suffered while unemancipated as a result of said parent's ordinary negligence in the operation of an automobile in which the child was a passenger. The testimony in the present case is conclusive that the alleged negligence could not have been more than ordinary negligence.

The two deceased children in the instant case could not have maintained an action against the stepfather had they lived and an action may not be maintained against him for their wrongful death. Title 12 O. S.1961, § 1053. See also the recent cases of Hampton v. Clendinning, Judge, Okl., 416 P.2d 617; Hill v. Graham, Judge, Okl.,

424 P.2d 35, and Hale v. Hale, Okl., 426 P.2d 681.

█ The reason for the rule of immunity is that public policy and the best interests of society forbids the right of an unemancipated minor child to appear in court and assert a claim for personal injuries suffered at the hands of the parent.

The immunity rule has been followed by the great weight of authority. 19 A.L.R.2d 423 and Supplement Service. A few states have made exceptions to the rule for different reasons. 19 A.L.R.2d 423, supra. Colorado, for instance, makes the exception where child is injured while employed by the father in the father's business, applying the doctrine of master and servant. (Trevarton v. Trevarton, 151 Colo. 418, 378 P.2d 640.) Several other states have made exceptions to the rule because of involvement of the question of insurance. For instance the New York Court of Appeals in the case of Gelbman v. Gelbman, 23 N.Y.2d 434, 297 N.Y.S.2d 529, 245 N.E.2d 192, recently held that the intrafamily suits for nonwillful torts are permissible, notwithstanding argument that such suits have serious consequences on family unity and encourages family claims. The case overruled a long line of New York decisions on the theory that New York now has a compulsory law requiring all cars to be insured. In said opinion it was stated:

"The parties recognize, as we must, that there is compulsory automobile insurance in New York. Such insurance effectively removes the argument favoring continued family harmony as a basis for prohibiting this suit. The present litigation is, in reality, between the parent passenger and her insurance carrier. Viewing the case in this light, we are unable to comprehend how the family harmony will be enhanced by prohibiting this suit."

Oklahoma has no compulsory insurance law, and as pointed out in Tucker v. Tucker, supra, we will not consider the question of insurance unless and until it appears that the insured parent is legally obligated to pay.

Appellant argues that the question of the status of stepparent as a parent must be submitted to the jury, citing and relying upon the case of Flick v. Crouch, Okl., 434 P.2d 256. This case is distinguishable from the present case for in the cited case the question, under conflicting evidence, was whether welders whose negligence allegedly resulted in decedent's death were employees of defendant or were independent contractors, involving the question of abrogation of the Workmen's Compensation Act.

In our opinion the question of whether or not a stepfather stands in loco parentis to his stepchildren is a question of fact for the jury where evidence is in conflict or different inferences may be reasonably drawn and should not be resolved as a matter of law. However, we are of the opinion and hold from the evidence here submitted, the stepfather stood in loco parentis to his stepchildren; as a matter of law, and the trial court did not err in sustaining the demurrer as to the unemancipated minors.

The judgment of the Court of Appeals is reversed. The judgment of the trial court is affirmed.

BERRY, C. J., and JACKSON, IRWIN and LAVENDER, JJ., concur.

WILLIAMS, HODGES, McINERNEY and BARNES, JJ., dissent.