Richard Joseph VAN WART, Appellant,

v.

Linda Starr COOK, formerly Van Wart, Appellee.

No. 48593.

Court of Appeals of Oklahoma, Division No. 1.

June 29, 1976.

Rehearing Denied Aug. 31, 1976.

Certiorari Denied Nov. 30, 1976.

Released for Publication by Order of Court of Appeals Dec. 2, 1976.

Berry, Nesbitt & Berry by Robert D. Baron, Oklahoma City, for appellant.

McKinney, Stringer & Webster by Kenneth R. Webster, Oklahoma City, for appellee.

REYNOLDS, Presiding Judge.

The plaintiff, Richard Joseph Van Wart, appealed a judgment on a verdict for the defendant, Linda Starr Cook, in a personal injury action, on the ground the trial court erred in failing to determine as a matter of law that the defendant did not assume the status of a parent to the plaintiff, therefore the immunity of the in loco parentis doctrine did not extend to her; and in the alternative, that the trial court did not correctly state the test of the doctrine in the instructions to the jury.

The plaintiff alleged in his petition that on March 21, 1972, he was a guest passenger in a car driven by the defendant. He alleged that he suffered injuries when the car left the road and crashed into a bridge abutment. In her answer, the defendant denied that she had been negligent and further alleged that the plaintiff was a minor at the time of the accident; that he was her step-son and was residing with her and her husband, the natural father of the plaintiff, at the time of the accident. The defendant alleged that at the time of the accident the relation of in loco parentis existed between herself and the plaintiff; therefore she was immune from liability for the plaintiff's injuries. The defendant denied that the relationship existed. The case was tried to a jury on the 5th and 6th of May, 1975. The question of the relationship of in loco parentis was submitted to the jury. A verdict was returned for the defendant. The plaintiff appealed from the denial of his motion for new trial.

" . . . [A] minor child may not recover damages from a parent for person-

al injuries suffered while unemancipated as a result of said parent's ordinary negligence in the operation of an automobile in which the child was a passenger." *Workman v. Workman,* Okl., 498 P.2d 1384 (1972), citing *Tucker v. Tucker,* Okl., 395 P.2d 67 (1964).

A person who stands in the relation of in loco parentis to the injured child is also immune from liability for such injuries. *Wooden v. Hale,* Okl., 426 P.2d 679 (1967). The *Wooden* case involved a suit by a minor against her stepfather. A person "in loco parentis" was defined in the Workman decision as " . . . one who has assumed the status and obligations of a parent without a formal adoption."

The Supreme Court has addressed the in loco parentis issue in two cases, *Workman v. Workman* and *Wooden v. Hale.* In both of these cases the Court cited 10 O.S. 1971, § 15.

> "A husband is not bound to maintain his wife's children by a former husband; but if he receives them into his family and supports them, it is *presumed* that he does so as a parent, and where such is the case, they are not liable to him for their support, nor he to them for their services." (Emphasis supplied.)

The plaintiff contends that the defendant did not acquire the status of in loco parentis to the defendant in the case at bar because the defendant is the plaintiff's stepmother and the statute does not apply to a wife's relationship with her husband's children.

The plaintiff also contends that the rule of parental immunity has fallen into disfavor in other jurisdictions, citing recent cases holding that an unemancipated minor child has a right of action against his or her parents for injuries incurred in an accident caused by the parent's negligent driving. He urges this Court to overrule the prior decisions or at least to limit the application of the in loco parentis rule to stepfathers.

■ Mindful of the criticism the rule has engendered, 18 Okla.L.Rev. 186 (1965),

the law in Oklahoma is clear and we find no compelling reason, either in policy or in the opinions, why the in loco parentis rule should be applied differently to stepmothers than to stepfathers. The *Workman* and *Wooden* decisions were based on the policy reasons that this type of action would disrupt family unity and encourage family claims and that one who has assumed the status and obligations of a parent is entitled to the same immunity as a parent. The statute the plaintiff refers to merely creates a presumption, which is defined as " . . . a *rule of law,* created by statute, or judicial decision, in which a finding of the *basic fact* of the presumption gives rise to the existence of the *presumed fact* until the presumption is rebutted and becomes inoperative." L. H. Whinery, Prof., Manual of Evidence, (1973). The basic fact of receiving the wife's child into his family and supporting the child would allow a finding of the ultimate fact that the stepfather was in loco parentis; and in the absence of evidence that the stepfather had not assumed the obligations of a parent the plaintiff risks a directed verdict against him. *Stumpf v. Montgomery,* 101 Okl. 257, 226 P. 65 (1924).

In the *Wooden* case the plaintiff admitted the basic facts in her pleadings and apparently alleged no facts controverting the presumed fact; therefore judgment was rendered on the pleadings. In the *Workman* case the evidence and the inferences that could be drawn therefrom were not in conflict with the basic facts or the presumed fact.

The question of whether a stepmother is availed of the same presumption afforded to a stepfather is not at issue in the case at bar. It is apparent from the conduct of the trial and the instructions to the jury that the defendant did not rely on the presumption to gain any procedural or evidentiary advantage.

■ The plaintiff's second proposition of error that the instructions to the jury did not correctly state the test of in loco parentis, is without merit. The test of "re-

versible error" in an instruction is found in *Reinhart and Donovan Co. v. Williamson*, 191 Okl. 539, 131 P.2d 765, at 766–767 (1942):

"The test of reversible error in connection with an instruction given is whether or not the jury were misled so that they reached a different result than they would have reached but for the error, or whether there is a serious misdirection in the charge, excluding from the consideration of the jury an issue properly in the case."

■ The instructions fairly and clearly stated the test of in loco parentis as defined in *Workman v. Workman*:

"The term in 'loco parentis' means in the place of a parent, and a 'person in loco parentis' may be defined as one who has assumed the status and obligations of a parent without a formal adoption."

The judgment of the trial court is affirmed.

AFFIRMED.

BOX and ROMANG, JJ., concur.